(No. 33215.—

THE PEOPLE *ex rel.* Anthony Manczak, Appellee, *vs.* CHARLES F. CARPENTIER, Secretary of State, Appellant.

*Opinion filed September 23, 1954.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellant.

ROBERT J. COLLINS, of Chicago, for appellee.

JOSEPH H. BRAUN, HUGH NEILL JOHNSON, and PHILIP E. RYAN, all of Chicago, *amici curiae*.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On July 22, 1953, Anthony Manczak was convicted in the municipal court of Chicago of driving a motor vehicle while intoxicated, in violation of section 47 of the Uniform Act Regulating Traffic on Highways. (Ill. Rev. Stat. 1951, chap. 95½, par. 144.) In addition to imposing a fine, the court suspended his driver's license ·for thirty days. This action was taken pursuant to the provisions of section 29j of the Motor Vehicle Law of 1919. That section was in effect on April 17, 1953, when Manczak's offense was committed, and it required the court in such cases to suspend the offender's license for not less than thirty days nor more

than one year. (Ill. Rev. Stat. 1951, chap. 95½, par. 35j.) On July 1, 1953, when the Drivers License Act of 1953 became effective, section 29j was repealed, and the power to revoke drivers' licenses was transferred to the Secretary of State. Laws of 1953, p. 476; Ill. Rev. Stat. 1953, chap. 95½, par. 73.1 *et seq.*

The new act requires that the license of anyone convicted of drunken driving be absolutely revoked, and confers only a conditional privilege to apply for a new license at the end of one year. (Ill. Rev. Stat. 1953, chap. 95½, pars. 73.33, 73.36.) When Manczak applied for the return of his license at the end of the thirty days' suspension ordered by the court, the Secretary of State, apparently considering that the 1953 act was controlling, informed him that his license had been revoked and that he could apply for a new license after the expiration of one year.

Manczak thereupon petitioned for a writ of *mandamus* in the circuit court of Cook County to direct the Secretary to return his license, contending that the Drivers License Act of 1953 was unconstitutional in several respects. The circuit court held the act invalid and entered judgment awarding the writ, and the Secretary of State has appealed directly to this court.

The parties have argued the case on broad constitutional grounds, centering upon the contentions that the 1953 act is invalid because it improperly delegates legislative authority to the Secretary of State, and because, as applied to the facts of this case, it violates the constitutional prohibition against *ex post facto* laws. Before we reach these contentions, however, it must first be determined that the General Assembly intended that the new act should be applied to offenses which had occurred before it became effective.

"The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent. In

determining such intent, the courts have evolved a strict rule of construction against a retrospective operation, and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it to operate prospectively only, and not retroactively." (50 Am. Jur., Statutes, sec. 478; cf. *People ex rel. Eitel* v. *Lindheimer*, 371 Ill. 367, 375; *Barrett Manufacturing Co.* v. *City of Chicago*, 259 Ill. 578, 588.) The presumption in favor of a prospective construction is reinforced for us by section 4 of the act relating to statutory construction, which provides: "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. * * * This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." Ill. Rev. Stat. 1953, chap. 131, par. 4.

We find no suggestion in the 1953 act that it was intended to apply to conduct which took place before it became effective. Yet if it is to be applied to Manczak's offense in this case, it is at once apparent that it would affect an "offense committed" or an "act done * * * before the new law takes effect," and that more is involved than a mere procedural change transferring the authority to revoke from one State officer to another. Under former section 29j the court was not obliged to take away driving

privileges for more than thirty days, and while the section speaks of revocation, the license was in fact merely suspended for a given period, at the end of which the driver was apparently entitled to have it restored. Furthermore, the fact that one's license had at one time been suspended did not appear to affect his right subsequently to obtain a new license. See Ill. Rev. Stat. 1951, chap. 95½, pars. 35a(7), 35e, 36e.

The new act makes it clear that a true revocation is required, for that term is defined in section 9 to mean the termination of the privilege to drive, rather than its temporary withdrawal. Section 36(b), moreover, declares that a person whose license has been revoked shall not be entitled to have it restored. (Ill. Rev. Stat. 1953, chap. 95½, pars. 73.9, 73.33, 73.36.) It is true that under section 36(b) the driver may apply for a new license at the end of one year, but the right to obtain a new license, even if nothing more were required than would be required of an ordinary applicant, is not the equivalent of a right to have the former license restored. (See Ill. Rev. Stat. 1953, chap. 95½, pars. 73.14-73.20.) Nor is it clear that the appellee would be entitled to the restoration of his license at the end of a year simply upon complying with the conditions imposed upon other applicants, for section 36(b) contains the proviso that "the Secretary of State shall not issue such license unless and until he is satisfied after investigation of such person that to grant the privilege of driving a motor vehicle on the highways will not endanger the public safety or welfare." Ill. Rev. Stat. 1953, chap. 95½, par. 73.36; cf. par. 73.14(3).

Beyond these differences between the old and the new statutes, is the fact that in order to construe the new statute as applicable to an offense committed before its effective date, we would have to hold that the General Assembly intended that the consequences attached to an offense should depend, not upon the quality of the conduct

which constituted the offense, but upon the random circumstance of the date of conviction. Under such a construction, two men who committed identical offenses on the same date would suffer different consequences, depending upon when their cases came on for trial. In the absence of language clearly expressing such an intention, we are not justified in imputing to the legislature a purpose so casual.

We hold that the 1953 act does not apply to offenses committed before it became effective. It is therefore unnecessary to consider the possible effect, as *res judicata,* of the construction of the statute which is implicit in the judgment of the municipal court of Chicago, which was based upon the statute in effect at the time the offense was committed. Nor do we reach the constitutional issues which have been argued.

The judgment of the circuit court of Cook County, awarding the writ of *mandamus,* is affirmed.

*Judgment affirmed.*