RICHARD ISAACS, Plaintiff-Appellant, *v.* MICHAEL REESE HOSPITAL & MEDICAL CENTER, Defendant-Appellee.—TONI GROSSMAN FENCHEL, Plaintiff-Appellant, *v.* MICHAEL REESE HOSPITAL & MEDICAL CENTER, Defendant-Appellee.

First District (1st Division)    Nos. 80-1848, 80-2555 cons.

Opinion filed November 2, 1981.—Rehearing denied December 7, 1981.

Berger and Herman, Ltd., of Chicago (Marvin L. Herman, of counsel), for appellant Richard Isaacs.

Alan D. Katz, David S. Pochis, Ltd., and Joel H. Fenchel, all of Chicago, for appellant Toni Grossman Fenchel.

Lord, Bissell & Brook, of Chicago (William P. Dorr, Harold L. Jacobson, and Hugh C. Griffin, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This appeal is a consolidation of two judgments of the circuit court of Cook County dismissing medical malpractice complaints by reason of the statute of limitations. Ill. Rev. Stat. 1977, ch. 83, par. 22.1.

On May 16, 1978, Richard Isaacs filed suit against defendants Michael Reese Hospital and Medical Center and Dr. Joseph K. Calvin. Dr. Calvin was dismissed and is not a party to this appeal. The complaint alleges Isaacs received X-ray treatments for inflamed tonsils in 1940. Isaacs was 4 years old at the time. It further alleges that he developed growths on his thyroid gland which were removed surgically by a thyroidectomy.

First knowledge of this condition is alleged to have occurred in May 1977, when defendant notified Isaacs of the possible dangers resulting from the X-ray treatments. It was shortly after this notice that Isaacs underwent the corrective surgery.

Toni Grossman Fenchel filed a similar malpractice action against defendant on January 29, 1980. From 1941 to 1943 she underwent X-ray treatment for tonsilitis. Because of this treatment, it is alleged, tumors developed on the thyroid gland which had to be surgically removed. It is alleged that knowledge of the condition was discovered on January 31, 1978.

Defendant filed motions to dismiss in both cases based upon the 4-year maximum limitation period for medical malpractice actions. (Ill. Rev. Stat. 1977, ch. 83, par. 22.1.) In both instances the trial court's decision was based upon *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560.

Plaintiffs have raised many issues in their briefs. These include due process and equal protection arguments based upon both our State and Federal constitutions. (Ill. Const. 1970, art. I, §§2, 12, 16; art. IV, §13; U.S. Const., amend. XIV.) The arguments presented here were also addressed to our supreme court in *Anderson v. Wagner*. In *Anderson*, the supreme court rejected the claims that the medical malpractice statute of limitations violated any provision of either the Illinois Constitution or the United States Constitution. In this regard, not only are we bound by *Anderson* but we are also in agreement with its holdings.

However, the constitutional issues raised by plaintiffs and the rationale found in *Anderson* are not the primary issue before us. Section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) was amended

and became effective on September 19, 1976. Section 21.1 limits actions for damages against physicians and hospitals to a maximum of 4 years after the date of the "act or omission or occurrence" alleged to have caused the injury. It is obvious that application of this amended statute would have barred the plaintiffs' actions before each knew it existed.

The issue is whether an action for an alleged malpractice occurring in the 1940's but not discovered until 1977 or 1978 may be maintained where a 1976 amendment has reduced the applicable statute of limitation.

■■ The general rule in Illinois, and elsewhere (51 Am. Jur. 2d *Limitation of Actions* §38 (1970)), is that an amendment shortening a statute of limitation will not be retroactively applied so as to terminate a cause of action unless the party has a reasonable amount of time after the amendment's effective date in which to file his action. (*Anderson v. Wagner*; *Jones v. Brill* (1981), 97 Ill. App. 3d 943, 423 N.E.2d 930, and the cases cited therein; see generally 2 A. Sutherland, Statutory Construction §41.09 (4th ed. 1973).) The time period examined for its reasonableness is that time between the statute's effective date and the date on which the pre-existing cause of action would be barred under the new statute as applied. (*Balzer v. Inland Steel Co.* (1981), 100 Ill. App. 3d 1071, 427 N.E.2d 999, and the cases cited therein.) It also appears that a determination of whether a statute will be applied is to be made on a case-by-case analysis. *Balzer v. Inland Steel Co.* (1981), 100 Ill. App. 3d 1071, 1073, 427 N.E.2d 999, 1000.

■■ The 1976 statute, if applied here, would have barred plaintiffs' actions some 34 to 37 years ago. Clearly, the plaintiffs did not have a reasonable amount of time after the amendment's effective date in which to file their actions. Therefore, the 1976 statute cannot be applied in these cases.

Defendant argues that since each cause of action did not accrue until 1977 and 1978, when the injuries were discovered, this retroactive rule is inapplicable. Defendant claims that *Anderson* is on "all fours" and supports this contention. The supreme court in *Anderson* did state it was possible under the 1976 amended statute for an action to be barred before it was discovered without violating due process. (79 Ill. 2d 295, 312; see *Jones v. Brill.*) The *Anderson* court, however, also stated and applied the general rule. It applied the new statute since it determined that the plaintiffs had a reasonable time, 8 months after the effective date of the statute and 16 months after discovery, in which to file the action.

Defendant's citation of *Murphy v. Giardina* (1980), 82 Ill. 2d 529, 413 N.E.2d 399, is inapposite to their stated position. There, the supreme court applied an amendment prospectively because of specific legislative intent that it be so applied.

Several recent cases are precisely on point with the issue before us. In

*Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 391 N.E.2d 177, the plaintiff discovered her injury, resulting from surgery in 1969, about the same time as the effective date of the amendment to section 21.1. There was some question whether the discovery date was immediately prior to (September 4, 1976) or after (October 7, 1976) the effective date (September 19, 1976) of the amendment. In either case, the appellate court decided, the new statute was inapplicable since the plaintiff did not have a reasonable time after the effective date of the amendment in which to file her action. 72 Ill. App. 3d 527, 530.

In *Jones v. Brill,* the alleged malpractice occurred in 1971 but was not discovered until 1979. The cause was dismissed based upon section 21.1 as amended in 1976 to 4 years. The application of this statute would have barred plaintiff's action in 1975. Since the plaintiff clearly did not have a reasonable amount of time in which to file, the statute was not applied. 97 Ill. App. 3d 943, 945.

*Balzer v. Inland Steel Co.* involved the application of the statute of limitation applicable in product liability actions. (Ill. Rev. Stat. 1979, ch. 83, par. 22.2.) A product manufactured and delivered in 1960 caused plaintiff's injury in 1978. The statute of limitation for products liability actions became effective on January 1, 1979, before the plaintiff could include the manufacturer in the action. The statute contained a 12-year maximum period from the date of delivery within which to commence an action. The appellate court refused to apply the statute retroactively "[s]ince there was no period of time whatsoever for Balzer to have filed the action after the statute's effective date." *Balzer v. Inland Steel Co.* (1981), 100 Ill. App. 3d 1071, 1073, 427 N.E.2d 999, 1001.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

CAMPBELL, P. J., and McGLOON, J., concur.