LUELLA MOORE, Plaintiff-Appellant, *v.* JACKSON PARK HOSPITAL *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 80-2953

Opinion filed November 17, 1981.

A. J. Hardiman, Ltd., of Chicago (Terrance J. Coughlin, A. J. Hardiman, and Eugene C. Hardiman, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (R. Dennis Rasor, Harold L. Jacobson, and Hugh C. Griffin, of counsel), for appellee Jackson Park Hospital.

Wildman, Harrold, Allen & Dixon, of Chicago (Richard C. Bartelt and William F. Haley, of counsel), for appellee Enrique Steider.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Can an amendment to the medical malpractice statute of limitations be applied to a cause of action, immediately barring it on the effective date of the amendment? We think not, and reverse the judgment of the circuit court.

On May 24, 1972, defendant Dr. Enrique Steider performed surgery on plaintiff Luella Moore at defendant Jackson Park Hospital. Plaintiff alleges that a needle was negligently left in her body during surgery. Plaintiff further alleges that she did not discover the presence of the needle until March 17, 1978, when an X ray was taken. She filed the instant complaint on October 4, 1978. The circuit court dismissed the action with prejudice.

Resolution of this appeal requires a determination of the statute of limitations applicable to this foreign object medical malpractice case. The general statute of limitations for personal injury actions is two years, as set forth in section 14 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 15). In 1964, this court, while expressing dissatisfaction with the result, held that the two-year rule was absolute, rejecting the plaintiff's request to adopt the "discovery rule," which would toll the statute of limitations until plaintiff knew or should have known of the injury. (*Mosby v. Michael Reese Hospital* (1964), 49 Ill. App. 2d 336, 342, 199 N.E.2d 633, *appeal denied* (1964), 30 Ill. 2d 627.) *Mosby* involved, as does the instant case, a "foreign object" medical malpractice case, where a surgical instrument was negligently left in plaintiff's body.

The General Assembly, at its next session, enacted section 21.1 of the Limitations Act (Ill. Rev. Stat. 1965, ch. 83, par. 22.1),[1] effective in July

---

[1] Section 21.1 (Ill. Rev. Stat. 1965, ch. 83, par. 22.1) stated:

"Whenever in the course of any medical, dental, surgical or other professional treatment or operation, any foreign substance other than flesh, blood or bone, is introduced and is negligently permitted to remain within the body of a living human person, causing harm, the period of limitation for filing an action for damages does not begin until the person actually knows or should have known of the facts of hurt and damage to his body; provided that no such action may be commenced more than 10 years after such treatment or operation."

1965. This statute adopted the discovery rule for the narrow area of medical malpractice cases involving foreign objects left in patients, and provided a maximum period of 10 years following the treatment or operation in which to file such an action. In 1970, the supreme court decided *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 40, 262 N.E.2d 450, which applied the discovery rule to all cases involving medical malpractice. Thus, after *Lipsey*, the status of the law was that there was a two-year statute of limitations from the time of discovery in all medical malpractice cases, with an outside limit of 10 years in foreign object cases, and no outside limit in other medical malpractice cases.

The General Assembly, effective November 11, 1975, modified section 21.1 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 22.1) by adding a second paragraph.[2] The first paragraph, adopting the discovery rule with a 10-year statute of repose for foreign object cases, remained the same. The new paragraph dealt with all other medical malpractice claims, creating a two-year statute of limitations running from the time of discovery, with a five-year statute of repose. Thus, at this point, the General Assembly was clearly treating foreign object medical malpractice cases differently from all other medical malpractice cases.

The General Assembly subsequently amended section 21.1. Effective September 19, 1976, the first paragraph dealing with foreign object cases was removed, and the statute of repose in the second paragraph was shortened from five years to four years. Ill. Rev. Stat. 1977, ch. 83, par. 22.1.[3]

In *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed sub nom. Woodward v. Burnham City Hospital* (1980), 449 U.S.

---

[2] The second paragraph of section 21.1 (Ill. Rev. Stat. 1975, ch. 83, par. 22.1) stated:

"No action for damages for injury or death against any physician or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 5 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death."

[3] Section 21.1 (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) states in relevant part:

"No action for damages for injury or death against any physician or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." (Second paragraph omitted.)

807, 66 L. Ed. 2d 11, 101 S. Ct. 54, the supreme court upheld the validity of this latest version of section 21.1 of the Limitations Act against a barrage of constitutional attacks. *Anderson* involved two consolidated cases. In Anderson v. Wagner, the occurrence was in 1972, discovery on January 26, 1976, and the complaint was filed on June 23, 1977. In Woodward v. Burnham City Hospital, the occurrence was on November 27, 1965, discovery in February 1976, and the complaint was filed on December 30, 1976.

Both cases in *Anderson* were medical malpractice other than foreign object cases. The effective date of the amendment to section 21.1 was September 19, 1976. Thus, if this amendment applied to the Anderson case, the claim would be barred for failure to meet the four-year statute of repose. The supreme court held that the amendment applied because the plaintiffs had a reasonable amount of time after the amendment took effect (September 19, 1976) to file their complaint before the amendment would bar their claim (May 20, 1977). The Woodward case did not reach this issue because even under the 1975 statute, the claim would have been barred.

Turning to the instant case, the circuit court, specifically relying on *Anderson v. Wagner*, held that plaintiff's claim was barred by the four-year statute of limitations. Defendants support this ruling by arguing that section 21.1 of the Limitations Act is the applicable statute of limitations, and since plaintiff's complaint was filed more than four years after the occurrence, the claim is barred. Plaintiff presents two theories in arguing that the claim is not barred. First, plaintiff argues that section 21.1 does not apply to foreign object cases, but that section 14, the general personal injury provision, applies. Under section 14, there is no four-year statute of repose. Plaintiff alternatively argues that even if section 21.1 applies to foreign object cases, it cannot be applied retroactively to instantaneously bar her cause of action on the effective date of the statute.

Analysis of plaintiff's argument that section 21.1 does not apply to foreign object cases requires that we determine the intent of the General Assembly. Plaintiff contends that, since the General Assembly has in the past treated foreign object cases differently from all other medical malpractice cases, the General Assembly intends for foreign object cases to be treated differently under current law.

On its face, section 21.1 appears to encompass all medical malpractice actions. It reads, "No action for damages * * * arising out of patient care * * *." Prior to the 1976 amendment which removed the first paragraph of section 21.1, this identical language did not apply to foreign object cases. In *Anderson v. Wagner*, the supreme court stated in *dicta* that section 21.1 applies to "all malpractice actions against physicians and

hospitals arising out of patient care ° ° °." (79 Ill. 2d 295, 307.) Other cases have assumed, without actually holding, that section 21.1 now applies to foreign object cases. *Jones v. Brill* (1981), 97 Ill. App. 3d 943, 944, 423 N.E.2d 930; *Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 529-30, 391 N.E.2d 177.

Policy considerations in this area also indicate that a restrictive reading of the statute of limitations, barring foreign object claims after four years, is appropriate. The 1976 amendment to section 21.1 was a part of an entire package of reforms aimed at easing the burden of medical malpractice claims on the health care industry. (See Ill. Laws 1976, at 1349-59.) The supreme court opinion in *Anderson v. Wagner* devoted substantial space to documentation of the "malpractice crisis," and the measures designed to alleviate it. In addressing the problems of the health care industry, the court particularly noted the "long tail" of liability, whereby claims arising out of conduct which occurred many years in the past could still be filed under the discovery rule. Thus, the General Assembly evidenced a desire to limit the malpractice exposure of physicians and hospitals.

■■ When interpreting statutory language, we apply the old maxim that language which is plain and unambiguous should mean what it clearly states. The current section 21.1, with the first paragraph deleted, unambiguously applies to all medical malpractice claims against physicians and hospitals. We therefore hold that section 21.1 of the Limitations Act applies to foreign object medical malpractice cases.

Plaintiff next contends that the 1976 version of section 21.1 cannot be applied to her cause of action because it would be a retroactive application of a new statute of limitations that, upon its effective date, instantaneously bars her claim. Prior to the 1976 amendment, plaintiff's cause of action would have been governed by the first paragraph of the 1975 version of section 21.1 and by section 14, which together provided a two-year statute of limitations, with a discovery rule, and a 10-year statute of repose. Under this law, plaintiff's claim would be barred absolutely on May 24, 1982. If the 1976 amendment is applied to plaintiff's claim, it was absolutely barred on September 19, 1976, the effective date of the statute.

We recently addressed a similar issue in *Balzer v. Inland Steel Co.* (1981), 100 Ill. App. 3d 1071, 422 N.E.2d 999. *Balzer* presented the question of whether the retroactive application of the products liability statute of repose (Ill. Rev. Stat. 1979, ch. 83, par. 22.2) to instantaneously bar a claim on the effective date of that statute was proper. We held that it was not, stating: "The general rule utilized where a statute decreases the time in which an action may be filed is that the statute will not be retroactively applied unless there exists a reasonable amount of time after

its effective date for filing of claims which 'existed' prior thereto." 100 Ill. App. 3d 1071, 1072.

In *Balzer*, plaintiff's claim would have been barred on the effective date of the statute. Thus, we held that the amended statute could not be applied to *Balzer*, since there was no reasonable time period after the effective date of the statute in which plaintiff could have filed his complaint. An identical result was reached in *Jones v. Brill* which involved the same medical malpractice statute of repose as the instant case. The court there refused to apply the amended section 21.1 because its application would have barred plaintiff's claim on the effective date of the statute. (Accord, *Isaacs v. Michael Reese Hospital & Medical Center* (1981), 101 Ill. App. 3d 876, 428 N.E.2d 941.) *Balzer* and *Jones* are in accord with the weight of precedent. See cases collected in *Jones v. Brill* (1981), 97 Ill. App. 3d 943, 945.

■■ We therefore hold that the 1976 version of section 21.1 of the Limitations Act cannot be applied to plaintiff's claim. No reasonable amount of time existed after the amendment's effective date (September 19, 1976) for plaintiff to bring her claim. Therefore, plaintiff's claim is not barred. The judgment of the circuit court of Cook County must be reversed and remanded for further proceedings.

Reversed and remanded.

HARTMAN, P. J., and STAMOS, J., concur.