(Nos. 56028, 56037 cons.—

LUELLA MOORE, Appellee, v. JACKSON PARK HOSPITAL et al., Appellants.—RICHARD ISAACS, Appellee, v. MICHAEL REESE HOSPITAL & MEDICAL CENTER et al., Appellant.—TONI GROSSMAN FENCHEL, Appellee, v. MICHAEL REESE HOSPITAL & MEDICAL CENTER, Appellant.

*Opinion filed February 18, 1983.—Rehearing denied April 8, 1983.*

Lord, Bissell & Brook, and Wildman, Harrold, Allen & Dixon, both of Chicago (R. Dennis Rasor, Harold L. Jacobson, Hugh C. Griffin, Richard C. Bartelt, William F. Haley, and Williams P. Dorr, of counsel), for appellants.

A. J. Hardiman, Ltd., of Chicago (Terrance J. Coughlin, A. J. Hardiman, and Eugene C. Hardiman, of counsel), for appellee.

Lord, Bissell & Brook, of Chicago (Harold L. Jacobson, Williams P. Dorr, and Hugh C. Griffin, of counsel), for appellant.

Berger & Herman, Ltd., Alan D. Katz and David S. Pochis, Ltd., and Joel H. Fenchel, all of Chicago (Marvin

L. Herman and Alan D. Katz, of counsel), for appellees.

McLaughlin, Kinser & Bryant, of Chicago (Harry L. Kinser and Kenneth C. Robbins, of counsel), for *amicus curiae* Illinois Hospital Association.

Richard M. Daley, State's Attorney, of Chicago, and Epton, Mullin, Segal & Druth, Ltd., Special Assistant State's Attorneys (Saul A. Epton, Thomas E. Kluczynski, and Jeffrey Singer, of counsel), for *amicus curiae* County of Cook.

JUSTICE CLARK delivered the opinion of the court:

These consolidated cases involve the validity of section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1). Section 21.1, on the date the complaints in these cases were filed, provided as follows:

> "No action for damages for injury or death against any physician or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, *but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.*
>
> If the person entitled to bring the action is, at the time the cause of action occurred, under the age of 18 years, or insane, or mentally ill, or imprisoned on criminal charges, the period of limitations does not begin to run until the disability is removed." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 83, par. 22.1.

In all three of the consolidated cases the respective panel of the appellate court reversed the Cook County circuit court's dismissals of the causes of action based upon

the rule in Illinois that an amendment shortening a statute of limitations will not be retroactively applied so as to terminate a cause of action, unless the claimant has a reasonable amount of time after the amendment's effective date in which to file his or her claim. (*Moore v. Jackson Park Hospital* (1981), 101 Ill. App. 3d 1009; *Isaacs v. Michael Reese Hospital & Medical Center* (1981), 101 Ill. App. 3d 876.) In all three cases, application of the amendment to the statute of limitations would instantaneously bar the plaintiffs' claims. We granted the petitions for leave to appeal in both the Moore case and in the Isaacs-Fenchel consolidated case and consolidated all three for hearing and opinion in this court.

The relevant facts in the Moore case are as follows:

On May 24, 1972, defendant Dr. Enrique Steider performed surgery on plaintiff, Luella Moore, at defendant Jackson Park Hospital. The plaintiff alleges that a needle was negligently left in her body during this surgery. On March 17, 1978, six years after the plaintiff's surgery, plaintiff Moore had an X ray taken which showed the presence of a needle in her body. Plaintiff alleges that she did not discover the presence of the needle until that date. Plaintiff filed her complaint on October 4, 1978. The circuit court dismissed the action with prejudice on November 19, 1980, based upon this court's holding in *Anderson v. Wagner* (1979), 79 Ill. 2d 295, *appeal dismissed sub nom. Woodward v. Burham City Hospital* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54.

The relevant facts in the Isaacs case are as follows:

On May 16, 1978, Richard Isaacs filed a suit against defendants, Dr. Joseph K. Calvin and Michael Reese Hospital and Medical Center. The complaint alleged that plaintiff Isaacs had received X-ray treatments for inflamed tonsils in 1940, when he was four years old. The complaint further alleged that as a result of these treatments, he developed growths on his thyroid gland which had to be surgi-

cally removed. Plaintiff alleged that the first time he knew of his condition was in May of 1977 when defendant Michael Reese Hospital notified him of the possible dangers resulting from these X-ray treatments. Isaacs underwent corrective surgery shortly after the notice from the hospital.

The facts in the Fenchel case are similar to those in *Isaacs* and are as follows:

On January 29, 1980, plaintiff Fenchel filed a malpractice action against defendant Michael Reese Hospital. From 1941 to 1943 plaintiff Fenchel underwent X-ray treatment for tonsillitis. Plaintiff alleges that, as a result of these treatments, tumors developed on her thyroid gland which had to be surgically removed. The complaint alleged that the plaintiff did not have knowledge of her condition until January 31, 1978.

In *Anderson v. Wagner* (1979), 79 Ill. 2d 295, *appeal dismissed sub nom. Woodward v. Burham City Hospital* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54, this court decided the constitutionality of section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1). Due process and equal protection arguments under both our State and Federal constitutions were raised and addressed. (Ill. Const. 1970, art. I, secs. 2, 12, 16; art. IV, sec. 13; U.S. Const., amend. XIV.) This court held that section 21.1 did not violate any of these provisions of either the Illinois Constitution or the United States Constitution. Thus, it is unnecessary for us to repeat the reasoning and holdings regarding the constitutionality of section 21.1 under these provisions.

The sole issue to be decided in this appeal is whether the 1976 amendment to section 21.1 can be applied retroactively so as to instantaneously bar these plaintiffs' causes of action on the effective date of the statute. Plaintiffs assert that our prior holding in *Anderson v. Wagner* did not address this issue. We agree with the plaintiffs that this issue was not specifically decided in the *Anderson* decision.

Plaintiffs assert that an amendment to a statute of limitations which decreases the time in which an action may be filed should not be applied retroactively so as to instantaneously bar their existing causes of action. We agree.

In *Hupp v. Gray* (1978), 73 Ill. 2d 78, this court stated, "Also, as was held in *Orlicki,* an amendment to a limitation statute shortening the period within which an action must be filed will be applied retroactively to actions not as yet commenced, *provided there is a reasonable time after the effective date of the amendment within which to bring the action.*" (Emphasis added.) 73 Ill. 2d 78, 83, citing *Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 359.

In *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, this court dealt with the issue of the retroactive application of amendments to statutes of limitation. Walter Orlicki was fatally injured on July 10, 1949, while a passenger in an automobile driven by an allegedly intoxicated individual. Suit was brought by the plaintiffs under the Liquor Control Act (Ill. Rev. Stat. 1949, ch. 43, par. 135). At the time the decedent was killed, the Liquor Control Act provided that a suit could be brought within five years from the date of death. However, on August 10, 1949, the Liquor Control Act, upon which plaintiffs' rights against the defendants were predicated, was amended, requiring that "every action hereunder shall be commenced within two years next after the cause of action accrued." (Ill. Rev. Stat. 1949, ch. 43, par. 135.) The plaintiffs in *Orlicki* filed suit on September 27, 1951, which was more than two years after the decedent's death, and more than two years after the effective date of the amendment to the Liquor Control Act. This court held that the legislature, which created the rights under the Liquor Control Act, had the power to repeal those rights. This court reasoned that the legislature had exercised that power by amending the Act and imposing time limitations for bringing actions under

the Act. Thus, this court affirmed the judgments of the circuit and appellate courts allowing the defendants' motion to dismiss.

The *Orlicki* case is clearly distinguishable from the instant cases for two reasons. First, these plaintiffs' actions are negligence actions which sound in tort and were recognized at common law; they are not statutorily created remedies. Second, in the *Orlicki* case, the plaintiffs had two years after the effective date of the amendment of the Liquor Control Act in which to bring their action. In *Orlicki,* this court stated, "[I]t is our judgment that the time limitation amendment [of the Liquor Control Act] should be retroactively applied, on the ground that the legislature so intended, and that it is procedural in character." (4 Ill. 2d 342, 354.) The intention of the legislature as to the applicability of the 1976 amendment to section 21.1 will be discussed later in this opinion. "Changes in procedure or existing remedies will not be applied retrospectively, however, where a vested, constitutionally protected right will be deprived by such application." (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390-91, citing *Hogan v. Bleeker* (1963), 29 Ill. 2d 181.) "Remedies are the life of rights, and are equally protected by the constitution. Deprivation of a remedy is equivalent to a deprivation of the right which it intended to vindicate, unless another remedy exists or is substituted for that which is taken away." (*Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 187, citing *Board of Education v. Blodgett* (1895), 155 Ill. 441.) "Whether acting through its judiciary or through its Legislature, a state may not deprive a person of all existing remedies for the enforcement of a right, which the state has no power to destroy, unless there is, or was, afforded to him some real opportunity to protect it." (*Brinkerhoff-Faris Trust & Savings Co. v. Hill* (1930), 281 U.S. 673, 682, 74 L. Ed. 1107, 1114, 50 S. Ct. 451, 454-55.) The plaintiffs in the instant cases were not afforded any opportunity to exercise their

rights under section 21.1; therefore we hold that the statute cannot be applied retroactively so as to bar the plaintiffs' causes of action instantaneously upon its effective date.

In medical malpractice cases in which the discovery rule is applied the cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that it was wrongfully caused. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156; see also *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169; *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 40.) The defendants in the Moore case cite *West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 131, for the proposition that, "without accrual there can be no cause of action." The defendants interpret this statement to mean that without accrual no cause of action "exists." Therefore, the defendants argue, the rule regarding statutes which shorten the time in which a "pre-existing" cause of action can be brought, did not apply to plaintiff Woodward's claim in *Anderson* and does not apply to plaintiff Moore's claim. Defendants assert that in neither case had the cause of action "accrued" prior to the enactment of the amendment to the statute of limitations, and thus their causes of action were nonexistent for purposes of the statute. We do not agree that a cause of action is nonexistent prior to the time of accrual. Logic dictates that a plaintiff cannot bring a cause of action until he knows or reasonably should know of his injury, and also knows or reasonably should know that the injury was caused by the wrongful acts of another. However, that does not mean that the plaintiff does not have an existing cause of action of which he is unaware.

The Anderson case was consolidated with the Woodward case for decision in our court. In the Anderson case the plaintiffs had at least eight months after the discovery of their injury, and before the effective date of the 1976

amendment of the statute of limitations, in which to file their claim. In the *Anderson* decision, this court held only that the plaintiffs in the Anderson case had a reasonable time after the effective date of the 1976 amendment in which to file their claim (79 Ill. 2d 295, 323), and therefore we held that their cause of action was barred.

In the Woodward case, which was consolidated with the Anderson case, however, the plaintiff was instantaneously barred from bringing his claim by the 1976 amendment to section 21.1, which amendment was in effect at the time his claim was filed. Plaintiff Woodward discovered his injury in February of 1976. He did not file his claim until December 30, 1976, which was nine months after the discovery of his injury and three months after the effective date of the 1976 amendment. In any event, plaintiff Woodward was barred instantaneously from bringing his cause of action because the act alleged to have been the cause of his injury had occurred more than four years before. We held that plaintiff Woodward's claim was barred. *Anderson,* of course, did not involve the question with which we are here confronted and is not applicable here. We do not here hold that the 1976 amendment would not apply to any injury sustained after its effective date of September 19, 1976, no matter when it is discovered.

The period which is scrutinized by the courts for its reasonableness is that time between the statute's effective date and the date on which the preexisting cause of action would be barred under the new statute as applied. (*Balzer v. Inland Steel Co.* (1981), 100 Ill. App. 3d 1071, 1072-73; *Hupp v. Gray* (1978), 73 Ill. 2d 78, 83; *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 166; *Jones v. Brill* (1981), 97 Ill. App. 3d 943, 944-45.) In the instant cases there was no time whatsoever for these plaintiffs to file their actions after the effective date of the 1976 amendment to the statute of limitations. Since the statute of limitations which was in effect when their causes of

action arose was shortened, and they were not given any time after the effective date of the 1976 amendment in which to file their claims, we cannot hold that the reasonable time period required to allow retroactive application of the statute can be found.

In *Anderson* we decided that the plaintiffs had at least eight months between the statute's effective date (Sept. 19, 1976) and the time the shortened four-year limitation period expired (May 20, 1977) in which to file their claim. The Andersons also had 16 months after they alleged that they learned they had a claim against the defendant in which to bring their claim.

In the instant cases plaintiffs have an unusual statutory dilemma. When their causes of action arose they had either an unlimited amount of time, or 10 years in the case of foreign objects (Ill. Rev. Stat. 1967, ch. 83, par. 22.1), in which to bring their causes of action, as long as they brought their claims within two years of when they knew or reasonably should have known of their injury.

The plaintiff in the Moore case asserts that foreign-object medical malpractice cases should be treated differently than all other medical malpractice cases for purposes of the statute of limitations. The plaintiff argues that because foreign-object cases were treated as special cases prior to the 1976 amendment, that the legislature still intended them to be treated differently after 1976. This court, in *dicta* in *Anderson,* stated, "In 1976 section 21.1 was again amended deleting the special provisions concerning foreign objects left in the body and providing that *all* malpractice actions against physicians and hospitals arising out of patient care shall not be brought more than 2 years after the claimant knew or should have known of the existence of the injury but in no event more than 4 years after the date on which occurred the last act or omission alleged to have been the cause of such injury." (Emphasis added.) (79 Ill. 2d 295, 307.) The appellate court in *Moore* interpreted *An-*

*derson* to mean that foreign-object cases were no longer exceptional cases for purposes of the statute of limitations. (101 Ill. App. 3d 1009, 1013.) We agree with the appellate court that the language in section 21.1 of the 1976 amendment unambiguously applies to all medical malpractice claims against physicians and hospitals.

The applicability of the 1976 amendment to section 21.1 is at issue in these three cases. However, it should be noted that in 1975 the legislature had also amended section 21.1, providing for a 10-year cutoff period in foreign-object cases, and a five-year cutoff period in all other medical malpractice cases. In 1975, the legislature provided that Public Act 79—960, which contained the 1975 amendment to section 21.1, "[did ] not apply to or affect any actions pending at the time of its effective date." (1975 Ill. Laws 2894.) In 1976, however, when section 21.1 was again amended, the legislature did not expressly state which actions the new amendment applied to. The legislature stated, "This amendatory Act takes effect 30 days after it becomes a law and the changes made in the Civil Practice Act by Section 8 apply only to civil actions filed after this Act takes effect." (1976 Ill. Laws 1359.) Section 8 deals with the Civil Practice Act and is not relevant to the issue at hand.

" 'The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent. In determining such intent, the courts have evolved a strict rule of construction against a retrospective operation, and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it to operate prospectively only, and not retroactively.' " *(People ex rel. Manczak v. Carpentier* (1954), 3 Ill. 2d 556, 558-59.) In 1976, the Illinois legislature did not clearly indicate its intention as to the applicability of the 1976 amendment. Since there is no express language as to retroactive application, we must give section 21.1 a prospective construc-

tion. This is the only equitable and rational solution to the dilemma the plaintiffs in these cases face.

In New York, California, and Indiana, legislation similar to section 21.1 has been enacted in response to what has been seen as a national medical malpractice crisis. In all three States, the legislation sets a similar outside limit on the time in which a medical malpractice action can be brought, just as our statute states that "in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged to have been the cause of such injury or death." However, in these three States the legislature provided for prospective application of the statute. The Indiana Statute states that "[t]he provisions of [the Medical Malpractice Act] do not apply to any act of malpractice which occurred before July 1, 1975" (the statute's effective date). (Ind. Code 16—9.5—1—7 (1982 Supp.).) (See *Adams v. Luros* (Ind. 1980), 406 N.E.2d 1199, 1201.) In 1975, the New York legislature in enacting CPLR 214—a, expressly provided that the new section dealing with medical malpractice would "be applicable to any act, omission or failure occurring on or after [July 1, 1975]" (the statute's effective date). (1975 N.Y. Laws, ch. 109, sec. 37; see *Cooper v. Edinbergh* (1978), 97 Misc. 2d 143, 146, 410 N.Y.S.2d 962, 964.) In California, the Code of Civil Procedure, section 340.5, specifies an outside limit on the period after a plaintiff's injury in which an action for "professional negligence" may be commenced regardless of the patient's belated discovery of the cause of action. However, in *Brown v. Bleiberg* (1982), 186 Cal. Rptr. 228, the court explained that the statute shortening the limitations period which was enacted in 1970, after the plaintiff's operation, could not be given retroactive effect "so as to wipe out plaintiff's claim," but the legislature could shorten the period of limitations so long as plaintiff was given a reasonable time in which to sue. (186 Cal. Rptr. 228, 233-34.) The court stated, "A statute shortening

the statute of limitations may be interpreted prospectively to avoid constitutional problems which would attend retroactivity." 186 Cal. Rptr. 228, 234.

So, while the Illinois legislature's response to the medical malpractice crisis may effectively limit the time in which future plaintiffs (plaintiffs whose injuries occur after the effective date of the 1976 amendment) can bring an action, we will not read into the statute a retroactive application so as to instantaneously extinguish a cause of action that existed prior to the amendment. Such an interpretation in the absence of an expressed intention in the amendment that it apply retroactively will not, in view of such an unusual and unfair result, be inferred.

Not only did the legislature in 1976 shorten the time in which these plaintiffs' claims could be brought, but also the trial court, in applying the statute retroactively, instantaneously barred these plaintiffs' causes of action on the effective date of the amendment to the statute of limitations. Given the unusual circumstances in these cases we hold that these plaintiffs' claims should not have been automatically barred and their causes of action should not have been automatically dismissed for failure to comply with the four-year cutoff provision of the statute. Instead the court should have determined whether these actions were filed within a reasonable time after the effective date of the 1976 amendment.

Accordingly, for all the reasons stated, the judgments of the appellate court are affirmed and these causes of action are remanded to the circuit court for proceedings consistent with this opinion.

*Affirmed and remanded.*

CHIEF JUSTICE RYAN, specially concurring:

Although I do not disagree with the holding of my colleagues in this case, I do not agree with some of the conclusions and reasoning of the majority opinion and I, there-

fore, specially concur.

The majority opinion states that "we must give section 21.1 a prospective construction." (95 Ill. 2d at 235-36.) However, the majority then holds that the causes of action should not have automatically been dismissed for failure to comply with the four-year cutoff provision of that section. Instead, the opinion states that the court should have determined whether these actions were filed within a reasonable time after the effective date of the 1976 amendment. The causes are then remanded to the trial court, where such a determination must be made. The opinion is not consistent, and the two parts of the opinion just referred to are contradictory.

If the 1976 amendment is to be given prospective application as the opinion first states, then it would not apply to these cases at all and they would be governed by the prior statute of limitations. "A prospective statute, as its name implies, operates on conduct, events, and circumstances which occur after its enactment." (2 A. Sutherland, Statutory Construction sec. 41.01, at 245 (4th ed. 1973).) By holding that the trial court must determine whether the causes of action were filed within a reasonable time after the effective date of the 1976 amendment, the court is applying the amendment to these cases; that is, it is applying the 1976 amendment retroactively. I agree that it should be applied retroactively to these cases and that the trial court should determine whether the cases were filed within a reasonable time after the effective date of the 1976 amendment.

The general rule is that there is a presumption in favor of prospective application of amendatory legislation. (*People ex rel. Manczak v. Carpentier* (1954), 3 Ill. 2d 556, 559.) However, in *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, this court held that statutes of limitation are procedural in nature and, as such, should be applied retroactively unless a contrary intent is apparent. The majority opinion at-

tempts to distinguish the holding of this court in *Orlicki* from the cases now before us. The majority notes that *Orlicki* involved a statutorily created remedy, whereas the present cases are based on common law negligence. This distinction has nothing to do with the holding in *Orlicki* that statutes of limitations are procedural and are to be applied retroactively. Whether such a statute may be applied retroactively to cut off a cause of action is another matter, and will be discussed later.

Prior to *Orlicki*, the decisions in this State on this subject were not uniform. However, *Orlicki* settled the question in this State in conformity with the accepted law on this subject. (See 2 A. Sutherland, Statutory Construction sec. 41.09, at 281 (4th ed. 1973); Annot., 79 A.L.R.2d 1080 (1961).) The intent of the legislature that the amendment should apply retroactively is revealed in the language of the amendment. In *Orlicki* the court found an expression of intent that the amendment be applied retroactively in the language of the amendment under consideration in that case, which stated, "every action hereunder shall be commenced within two years next after the cause of action accrued." (*Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 353.) The language of the amendment in our case is just as clear:

> "No action for damages for injury or death *** shall be brought more than 2 years after the date on which the claimant knew *** of the existence of the injury *** but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence ***." (Ill. Rev. Stat. 1981, ch. 83, par. 22.1.)

This language speaks not of future actions but is a limitation on the bringing of all actions.

Another statutory-construction aid which *Orlicki* found compelling is equally compelling in our case. *Orlicki* stated that legislative intent may be derived not only from the language used, but also from the evil to be remedied:

"The evil to be eliminated by the amendment was the prolonged liability for a period of five years of dram shop owners and operators, who rarely have any actual knowledge of the events upon which their liability is based. The statutory objective of eliminating this prolonged liability would be effectuated by giving the amendment a retroactive application." (*Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 353.)

The evil to be eliminated by the amendment to the dramshop act in *Orlicki* is strikingly similar to the evil sought to be eliminated by the amendment we are now considering. In *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 305-11, this court noted that the evil the legislature attempted to eliminate by the amendment to the limitation statute involved the extended exposure to liability by the application of the discovery rule to medical malpractice cases. This court stated in *Anderson*:

"The discovery rule was thought to have played a significant role in the medical malpractice crisis." (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 307.)

Here, as in *Orlicki*, the statutory objective of eliminating this prolonged liability would be effectuated by giving the amendment retroactive application.

Although the 1976 amendment should be retroactively applied, I agree with the majority that it cannot be applied in such a manner as to deprive one of a vested right. The injured party must have a reasonable time after the effective date of the amendment within which to bring an action. (*Hupp v. Gray* (1978), 73 Ill. 2d 78.) Under the discovery rule as applied in this State, a "cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that the injury was caused by the wrongful acts of another." (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169.) The amendment to the Limitations Act cannot be applied retroactively to cut off on the effective date of the amendment the causes of action that have accrued

prior to the effective date of the enactment. The injured person whose cause of action accrued before the effective date of the amendment must be given a reasonable time, after the effective date, within which to file his complaint. In *Anderson v. Wagner* this issue was addressed as to the plaintiff Anderson. However, the Woodwards, who were also plaintiffs in the consolidated Anderson case, alleged they learned of the malpractice in February 1976. The amendment became effective in September of 1976 and the Woodwards filed suit on December 30, 1976. The question of the reasonableness of this period of time in which to file suit was not passed on in *Anderson*. The case did not hold that the Woodwards were instantaneously barred from filing suit by the 1976 amendment, as stated in the majority opinion.

I view the causes of action that accrued before the effective date of the 1976 amendment as falling within the category of cases usually referred to as involving "vested rights," which cannot be terminated by the amendment. The owner of these vested rights must be given a reasonable time after the effective date of the amendment within which to file suit. I view the causes of action that did not accrue until after the effective date of the amendment differently. The majority opinion states that these causes of action existed even before the injured person had the necessary knowledge to give them vitality as accrued causes of action. That may well be, but in that state of existence, they were inchoate in nature and not vested. The general rule is that where a statute affects inchoate rights, it will be construed retroactively if the legislative intent clearly indicates that retroactive operation is intended. 2 A. Sutherland, Statutory Construction sec. 41.04, at 253 (4th ed. 1973).

However, whether these causes of action are called inchoate or vested is not determinative of whether a limitation statute shortening the period should be construed so

as to automatically terminate the causes of action. The question of the validity of the application of a statute rests on subtle judgments concerning the fairness or unfairness of applying the new statutory rule to affect interests which accrued out of events which transpired when a different prior rule of law was in force. One fundamental consideration of fairness is that settled expectations honestly arrived at with respect to substantial interests ought not to be defeated. (2 A. Sutherland, Statutory Construction sec. 41.05, at 260-61 (4th ed. 1973).) The determination of whether the application of the statute unreasonably infringes upon the rights of those to whom it applies involves a balancing and discrimination between reasons for and against the application of the statute to this class of individuals. 2 A. Sutherland, Statutory Construction sec. 41.05, at 259 (4th ed. 1973).

Although the rights of an injured person before obtaining knowledge of his cause of action, as noted above, are inchoate, I do not believe that these rights should be terminated by a statutory amendment on its effective date. The rule of reasonableness should be applied to these inchoate rights similar to its application to accrued or vested rights. This rule of reasonableness can be applied within the framework of and in accordance with the legislative intent manifested in the 1976 amendment.

The amendment under consideration actually contains two limitation periods: a limitation on the time within which the suit must be filed (two years), and a limitation on the time within which the injured person must discover that a cause of action exists (four years). The 1976 amendment we are considering was preceded by an amendment in 1975. Prior to the 1975 amendment, there was no outside limitation on discovery. All that was required was that the suit had to be started within two years after discovery of the cause of action. The 1975 amendment placed an outside limitation of five years within which the cause of

action had to be discovered and suit started. The 1976 amendment lowered that outside limitation to four years. In order to protect these inchoate rights or causes of action, if the occurrence out of which they arose happened more than four years before the effective date of the 1976 amendment, not only would I hold that the injured person should have a reasonable time after his cause of action accrued, that is, after he discovered he had a cause of action, within which to file his complaint, but I would also hold that the injured person would have a reasonable time after the effective date of the amendment within which to discover that cause of action existed.

It is clearly the intent of the General Assembly as expressed in this amendment that the time within which the cause of action may be discovered cannot remain open ended. The language of the amendment clearly indicates that the limitations stated in the amendment apply to all actions filed for medical malpractice. The amendment specifically states that in no case shall an action be filed more than four years after the date of the occurrence.

In balancing the rights of injured persons against the need to correct the evil of the extended exposure to liability created by the discovery rule, the legislature concluded that it was reasonable to require that an injured person discover and commence his medical malpractice action within four years after the occurrence. Consistent with this intent is a requirement that a person injured prior to the effective date of the 1976 amendment must discover his cause of action and file his complaint within four years after the effective date of the amendment. A person who was negligently injured by a medical practitioner one day after the effective date of the 1976 amendment loses his right to file a suit for recovery for his injuries if his suit has not been filed within four years after the occurrence. It is reasonable to require that a person similarly injured one day before the effective date of the 1976 amendment

discover his cause of action and file his suit within four years after the effective date of the amendment. It is true that this application of the amendment may terminate a right to file suit before an individual becomes aware of his injury. However, this is also true of those who are injured after the effective date of the amendment. We noted in *Anderson* that such a termination of a cause of action has been held not to constitute a due process violation. *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 311-12.

For the reasons herein stated, I specially concur in the holding of the majority opinion.

UNDERWOOD and MORAN, JJ., join in this special concurrence.