DOMINIC MEGA, Plaintiff-Appellant, *v.* HOLY CROSS HOSPITAL, Defendant-Appellee.

First District (2d Division)   No. 83—837

Opinion filed March 20, 1984.

Carr & O'Rourke Associates, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Paul C. Estes, and Joshua G. Vincent, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff's three-count complaint for negligence, breach of warranty and misrepresentation against Holy Cross Hospital, based upon radiation therapy treatments administered to him by the defendant in 1949, was dismissed on defendant's motion because the claim was time-barred by section 21.1 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 22.1, now ch. 110, par. 13—212). Plaintiff appeals. We reverse for reasons hereinafter set forth.

The issues raised on appeal include whether: (1) plaintiff's claim was filed within a "reasonable" time, after section 21.1 of the Limitations Act (section 21.1) became effective; (2) section 21.1 is constitutional; and, (3) section 14 of the Limitations Act, and not section 21.1, applies to claims where the subject injury arises over a long period of

time.

During the first three months following plaintiff's birth on January 28, 1949, he was given X-ray therapy by Holy Cross Hospital personnel to treat his thymus gland. In 1973, plaintiff was notified by defendant that a suspected link was discovered between the X-ray therapy and the development of both malignant and benign thyroid tumors within a period as long as 20 years after treatment. Plaintiff's neck was examined in 1973 and appeared to be normal. Approximately 8 years later, in March 1981, a malignant lump was discovered in plaintiff's neck.

Plaintiff's complaint was filed in September 1982, naming the hospital as sole defendant, within two years of the date plaintiff learned of the cancerous growth, but approximately 33 years from the date upon which the allegedly tortious treatment was given. Defendant filed a motion to dismiss, claiming the complaint was filed after section 21.1, as amended effective September 19, 1976, had run. The motion was granted and the complaint dismissed with prejudice on March 7, 1983. From this order plaintiff appeals. The 1976 amendment to section 21.1, which is the subject of the present litigation, reduced the outer time limit within which to file to four years, among other changes not related to the issues on appeal. In its present form the statute provides:

> "Sec. 13—212. Physician or hospital. No action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death except as provided in section 13—215 of this Act.
>
> If the person entitled to bring the action is, at the time the cause of action occurred, under the age of 18 years, or under legal disability or imprisoned on criminal charges, the period of limitations does not begin to run until the disability is removed." Ill. Rev. Stat. 1983, ch. 110, par. 13—212.

Both parties rely upon *Moore v. Jackson Park Hospital* (1983), 95

Ill. 2d 223, 447 N.E.2d 408 (*Moore*). Plaintiff argues that an amended statute of limitations decreasing the period available to file an action cannot be applied retroactively to instantaneously bar an existing cause of action, citing *Moore*. Defendant insists that *Moore* required claims resulting from acts occurring prior to 1976 to be filed within a reasonable time after the 1976 amendment to section 21.1, namely, within four years thereof, or by September 19, 1980. Defendant concludes that since plaintiff "waited" to file his claim until 1982, or six years after 1976, it cannot be considered filed within a reasonable time after the amendment was enacted. The circuit court also appears to have considered this six-year period as operative and the filing of the complaint therefore unreasonable.

The circumstances presented in the instant controversy more nearly resemble those cases involving the slow and insidious development of a physical condition over a long *period* of time, rather than at some specific *point* in time, which necessitates consideration of more than simple computation or accrual of calendar days. We fail to see how plaintiff "waited more than a reasonable time" before filing suit, as defendant insists, under these facts. To require a lawsuit to be filed within the statute of limitations when no injury has as yet manifested itself would place the putative plaintiff between Scylla and Charybdis: such a complaint would be subject to dismissal. (See *Gillman v. Chicago Rys. Co.* (1915), 268 Ill. 305, 109 N.E. 181.) To deny a legitimate claim of a late developing injury attributable to a negligent act performed at a considerably earlier time when, as here, the initial injury is unknowable, is unfair, unjust and ought to be avoided in this type of case. Here the injury itself must be examined in order to determine its causal relationship to the act or omission which took place years before. Courts have recognized the viability of such actions notwithstanding the general acceptance of administrative advantages and expediencies in placing such claims in repose. (See authorities collected in *Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.* (1979), 74 Ill. App. 3d 778, 786-90, 392 N.E.2d 1352, *aff'd* (1981), 85 Ill. 2d 1612.) The majority opinion in *Moore* moves in that direction with respect to injuries quite similar to those which developed in the present case.

*Moore* is a consolidation of three appellate decisions, one a foreign body case and the other two involving slowly and insidiously developing diseases. Plaintiffs there were exposed to the wrongful acts, resulting in later emerging injuries, in 1972, 1940, and 1941-43, respectively. The supreme court noted that in each instance, as in the present case, application of the 1976 amendment would bar instanta-

neously the plaintiff's claims: in *Moore*, a needle was left in plaintiff's body in 1972; however, she did not know of her injuries until 1978 and filed her claim seven months later in 1978; and, in *Isaacs* and in *Fenchel*, both treated for tonsillitis, plaintiffs underwent X-ray therapy in 1940 and 1941-43, respectively, which allegedly resulted in thyroid tumor growth. Isaacs became aware of his tumors in 1977 and filed suit in 1978; Fenchel became aware of hers in 1978 and filed her suit in 1980.

The supreme court majority in *Moore* observed that, as in the instant case, in each of the three cases there considered "*** there was no time whatsoever for these plaintiffs to file their actions after the effective date of the 1976 amendment ***" because the statute was already "*** in effect when their causes of action arose ***"; therefore, no reasonable time period required to allow retroactive application could be identified. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 233-34.) The court went on to state:

> "In 1976, the Illinois legislature did not clearly indicate its intention as to the applicability of the 1976 amendment. *Since there is no express language as to retroactive application, we must give section 21.1 a prospective construction.* This is the only equitable and rational solution to the dilemma the plaintiffs in these cases face." (Emphasis added.) 95 Ill. 2d 223, 235-36.

The *Moore* majority thereafter analyzed legislation similar to section 21.1 enacted in Indiana, New York and California and concluded that: the Indiana time-limiting provisions of the Medical Malpractice Act (Ind. Code 16—9.5—1—7 (1982 Supp.)) do not apply to any *act* of malpractice which occurred before the statute's effective date; the New York statute (CPLR 214—a) specifically applies only to *acts, omissions* or *failures* occurring after the effective date of the limitations statute (1975 N.Y. Laws, ch. 109, sec. 37); and the California statute was construed by the California supreme court to apply prospectively only in order to avoid constitutional problems attending retroactivity (*Brown v. Bleiberg* (1982), 32 Cal. 3d 426, 651 P.2d 815, 186 Cal. Rptr. 228). (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 236-37.) The *Moore* majority then went on to hold:

> "So, while the Illinois legislature's response to the medical malpractice crisis may effectively limit the time in which future plaintiffs (plaintiffs whose injuries occur after the effective date of the 1976 amendment) can bring an action, we will not read into the statute a retroactive application so as to instantaneously extinguish a cause of action that existed prior to the

amendment. Such an interpretation  in the absence of an expressed intention in the amendment that it apply retroactively will not, in view of such an unusual and unfair result, be inferred.

Not only did the legislature in 1976 shorten the time in which these plaintiffs' claims could be brought, but also the trial court, in applying the statute retroactively, instantaneously barred these plaintiffs' causes of action on the effective date of the amendment to the statute of limitations. Given the unusual circumstances in these cases we hold that these plaintiffs' claims should not have been automatically barred and their causes of action should not have been automatically dismissed for failure to comply with the four-year cutoff provision of the statute. Instead the court should have determined whether these actions were filed within a reasonable time after the effective date of the 1976 amendment." *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 237.

In the case before us, as in *Moore,* although the negligent *acts* took place in 1949 prior to the expiration of the statute, plaintiff's *injury* did not manifest itself until 1981, beyond the four-year cutoff provision of the 1976 amendment to then section 21.1. Were we to hold, as defendant argues, that plaintiff's claim is automatically barred by virtue of this late developing happenstance, it would mean that plaintiff's malignancy, in having failed to appear by 1980, although its symptoms were sought out in 1973 and could not be found, must go unrecompensed even if attributable to defendant's medical negligence, simply by retroactive application of the statute. As held in *Moore,* "*** we will not read into the statute a retroactive application so as to instantaneously extinguish a cause of action that existed prior to the amendment." (95 Ill. 2d 223, 237.) Although the specially concurring opinion suggests a different result, as defendant maintains, we must follow the rule articulated in the majority opinion. Ill. Const. 1970, art. VI, sec. 3.

Defendant's reliance in this regard on *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, is misplaced. First, the issue of retroactive application of the statute of limitations was not specifically decided in *Anderson.* Second, unlike the present case, plaintiffs in *Anderson* had seven months after discovery of their injury within which to file their action and still comply with the limitations amendment, and a reasonable time thereafter. Here, the allegedly wrongful act took place before the amendment but the period of limitations expired before the injury had developed. In *Robertson v. Taylor* (1983), 115

Ill. App. 3d 587, 451 N.E.2d 16, the court, in sustaining the dismissal of a complaint, adverted to *Anderson* and distinguished *Moore's* majority holding on the ground that it did not decide or consider whether the statute would bar suits if they were filed over four years after the effective date of the amendment. We read *Moore's* holding to be that where the allegedly negligent acts or omissions occurred prior to the enactment of the limitations statute, but the injuries do not become known by the claimants until after the statute has expired, the circuit court must determine whether the "actions were filed within a reasonable time *after* the effective date of the 1976 amendment." (Emphasis added.) (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 237.) We reverse and remand with directions that the circuit court consider the unusual circumstances of the emergence of the claimed injuries after the four-year limitation period expired and determine whether the time taken by plaintiff thereafter was reasonable within which to file his suit. *Young v. Pease* (1983), 114 Ill. App. 3d 120, 126, 448 N.E.2d 586.

The constitutionality of section 21.1 has already been determined in *Moore* and in *Anderson*. No further discussion of this issue is necessary. We need not and do not reach other issues raised on appeal.

Reversed and remanded with directions.

STAMOS and DOWNING, JJ., concur.