PATRICIA BAKER, Plaintiff-Appellant, *v.* LAWRENCE W. ALLEN, M. D., Defendant-Appellee.

First District (4th Division)    No. 80-2923

Opinion filed March 11, 1982.—Rehearing denied April 15, 1982.

Lawrence Jay Weiner and Fredric Bryan Lesser, both of Lawrence Jay Weiner & Associates, and Goldberg & Goldberg, both of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (James T. Ferrini, James O. Nolan, and Michael J. Carrigan, of counsel), for appellee.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Patricia Baker, appeals the trial court's dismissal of her complaint under section 21.1 of "An Act in regard to limitations" (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) (hereinafter referred to as the Limitations Act).

Plaintiff's complaint, filed on December 1, 1978, alleged that on November 6, 1973, she employed defendant, Lawrence W. Allen, M.D., a specialist in oncology, to cure her of Hodgkin's lymphoma. Defendant informed plaintiff that immediate chemotherapy was needed to treat her illness. Plaintiff inquired whether there were any risks, dangers or complications involved. Defendant told plaintiff that it was necessary treatment for her illness and that it would have no long-term effect. Baker, relying on defendant's representations, began the chemotherapy program and remained on it for 6 months until May 5, 1974.

On December 6, 1976, plaintiff discovered that she had developed aseptic necrosis of her femoral head which is a long-term effect of the chemotherapy. As a result of the aseptic necrosis, on October 27, 1977, plaintiff had to undergo arthroplasty of her right hip. On September 21, 1978, she underwent the same surgical procedure on her left hip.

In her appeal, plaintiff raises the following issues for review: (1) whether her cause of action was timely filed, and (2) whether she has been deprived of property without due process of law.

We affirm the trial court.

Plaintiff contends the trial court erred by dismissing her complaint as untimely. Further, plaintiff asserts that the Limitations Act, as amended (Ill. Rev. Stat. 1977, ch. 83, par. 22.1), should not be retroactively applied to bar a cause of action which was discovered on or about December 6, 1976, but which was caused by acts beginning on November 6, 1973. Plaintiff submits that her action was filed on December 1, 1978, less than 2 years after discovering her injury.

In 1976 the Limitations Act was amended because of the medical malpractice crisis (see *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54), to provide that no actions could be filed more than 2 years after the claimant knew or through the use of reasonable diligence should have known of the injury, but in no event could the action be brought more than 4 years after the date on which the alleged act occurred. Illinois follows the generally accepted rule that an amendment shortening the period in which suit may be filed will not be retroactively applied so as to

terminate a cause of action unless the party has a reasonable amount of time after the amendment's effective date in which to file his action.

■■ We must determine whether plaintiff had a reasonable amount of time after the amendment's effective date (September 19, 1976) in which to file her action. Plaintiff, after she knew of the occurrence, had 2 years in which to bring her action. She discovered the aseptic necrosis on December 6, 1976. Even though plaintiff filed her suit on December 1, 1978, she still did not file within the prescribed period in the Act because it was more than 4 years after the date of her last treatment (May 5, 1974). The 4-year period expired on May 5, 1978; therefore, plaintiff's action was barred. Giving the amendment to the Act the most liberal construction, we find that plaintiff, here, had a 17-month period (from the date of discovery, December 6, 1976, to the final date in which she could file her action, May 5, 1978) to bring her suit. (See *Charles v. Meyer Medical Group, S.C.* (1981), 96 Ill. App. 3d 275, 421 N.E.2d 334.) Accordingly, the trial court did not err by dismissing plaintiff's suit.

Plaintiff also contends that by retroactively applying the amendment to the Act to her cause of action, she was deprived of property without due process of law. Plaintiff asserts that her action with regard to the left femoral head was barred before the injury occurred.

We disagree with plaintiff's contention. This contention has been foreclosed by our supreme court's decision in *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54. The supreme court found no due process violation in our statute. Citing an Arkansas Supreme Court case, the court stated:

> " 'Any statute of limitations will eventually operate to bar a remedy and the time within which a claim should be asserted is a matter of public policy, the determination of which lies almost exclusively in the legislative domain, and the decision of the General Assembly in that regard will not be interfered with by the courts in the absence of palpable error in the exercise of the legislative judgment.' (*Owen v. Wilson* (1976), 260 Ark. 21, 24-25, 537 S.W.2d 543, 545.)" (79 Ill. 2d 295, 311.)

In *Owen v. Wilson*, the court held that a claimant is not denied due process of law where a reasonable period of limitation has barred the claim without awareness by the claimant that he has been injured. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 311-12.) The *Anderson* court noted that although such a result may seem harsh and unfair, the reasonableness of the statute must be judged in light of the circumstances confronting the legislature and the end which it sought to accomplish. Keeping this in mind, the supreme court found no due process violation.

■■ We hold that applying the Limitations Act in this case does not deny plaintiff due process of law.

Plaintiff cites *Moore v. Jackson Park Hospital* (1981), 101 Ill. App. 3d 1009, 428 N.E.2d 1110, as additional authority for her argument. However, *Moore* supports the general rule that a statute will not be retroactively applied unless there exists a reasonable amount of time after its effective date for filing of claims which existed prior thereto. (101 Ill. App. 3d 1009, 1013-14.) In *Moore*, we found that no reasonable amount of time existed after the amendment's effective date within which to bring her claim. In the instant case, plaintiff had a reasonable amount of time after the effective date of the amendment (September 19, 1976) to the final date in which she could file her action (May 5, 1978).

For all of the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JIGANTI and LINN, JJ., concur.