LOIS MULLER, Plaintiff-Appellant, *v.* HEALTH & HOSPITAL GOVERNING COMMISSION OF COOK COUNTY *et al.*, Defendants-Appellees.

First District (4th Division)    No. 81-741

Opinion filed May 6, 1982.—Rehearing denied June 9, 1982.

Terrence E. Leonard, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Saul A. Epton, Jeffrey Singer, and Mary F. Stafford, all of Epton, Mullin, Segal & Druth, Special Assistant State's Attorneys, of counsel), for appellees.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Lois Muller, appeals the trial court's dismissal of her complaint under section 21.1 of "An Act in regard to limitations" (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) (hereinafter referred to as the Limitations Act).

Plaintiff's complaint alleged that in September 1936 defendants owned and operated Cook County Hospital where plaintiff was born and, as an infant, treated with radiation therapy to combat an enlarged thymus. Plaintiff learned that she had cancer from the treatment when she underwent surgery for removal of a cancerous thyroid on March 23, 1978. Plaintiff obtained her original birth records (plaintiff is an adopted child) on September 2, 1979, and discovered that she was born at Cook County Hospital. On March 24, 1980, plaintiff filed suit against defendants. On August 18, 1980, defendants filed a motion to dismiss pursuant to the

Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 22.1). The trial court granted defendants' motion to dismiss.

From this judgment, plaintiff appeals, raising the following issues: (1) whether the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 22.1) should be applied to abrogate the discovery rule when the injury is a slowly developing disease whose symptoms did not appear within any applicable limitation period, and (2) whether the Limitations Act was retroactively applied so as to terminate a cause of action without giving plaintiff a reasonable amount of time to file.

We affirm.

Plaintiff contends the Limitations Act should not apply in cases where the negligence causes the insidious development of a disease that cannot be detected by plaintiff until after the applicable limitation period has run. Even in light of the statute's constitutionality, it should not be applied to these situations.

We disagree with plaintiff's contention. This contention has been foreclosed by our supreme court's decision in *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54. Citing an Arkansas Supreme Court case, the court stated:

> " 'Any statute of limitations will eventually operate to bar a remedy and the time within which a claim should be asserted is a matter of public policy, the determination of which lies almost exclusively in the legislative domain, and the decision of the General Assembly in that regard will not be interfered with by the courts in the absence of palpable error in the exercise of the legislative judgment.' (*Owen v. Wilson* (1976), 260 Ark. 21, 24-25, 537 S.W.2d 543, 545.)" (79 Ill. 2d 295, 311.)

In *Owen v. Wilson,* the court held that a claimant is not denied due process of law where a reasonable period of limitation has barred the claim without awareness by the claimant that he has been injured. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 311-12; see *Baker v. Allen* (1982), 104 Ill. App. 3d 1055, ___ N.E.2d ___.) The *Anderson* court noted that "[a]lthough such a result—a cause of action barred before its discovery— seems harsh and unfair, the reasonableness of the statute must be judged in light of the circumstances confronting the legislature and the end which it sought to accomplish." 79 Ill. 2d 295, 312.

We find *Anderson* controlling. The Limitations Act provides that no action could be filed more than 2 years after the claimant knew or through the use of reasonable diligence should have known of the injury, but in no event could the action be brought more than 4 years after the date on

which the alleged act occurred. Plaintiff's alleged injury occurred in September 1936. Giving the Limitations Act a liberal construction, plaintiff had until she reached majority (18 years) plus 4 years to file suit (1958). The outer limit, contained in the statute, of 4 years means precisely 4 years. As noted by the *Anderson* court, this result may seem harsh and unfair. However, the legislative intent was to establish the 4-year outer limit for malpractice cases. Consequently, plaintiff's case was not filed within the period prescribed by the Limitations Act.

Plaintiff contends the Limitations Act, which shortens the time within which an action must be brought, may not be retroactively applied unless plaintiff has a reasonable amount of time in which to file suit. Thus, applying the statute retroactively to this cause, in effect, gives plaintiff no opportunity to exercise her rights. Defendants contend plaintiff is asserting this issue for the first time on appeal; therefore, it cannot be considered on appeal where it was never raised by the plaintiff in the trial court.

Although plaintiff may not have raised the issue at the trial level, we will consider it on appeal.

■■ Illinois follows the generally accepted rule that an amendment shortening the period in which suit may be filed will not be retroactively applied so as to terminate a cause of action unless the party has a reasonable amount of time after the amendment's effective date in which to file his action. (*Baker v. Allen* (1982), 104 Ill. App. 3d 1055, 433 N.E.2d 1032.) Further, the legislature may shorten a statute of limitations and apply it retroactively as long as a reasonable time is available after the enactment of the statute within which preexiting claims may be brought. *Charles v. Meyer Medical Group, S.C.* (1981), 96 Ill. App. 3d 275, 277, 421 N.E.2d 334, 335.

■ The amendment to the Limitations Act became effective on September 19, 1976. Plaintiff's injury was discovered on March 23, 1978. Therefore, the Limitations Act was shortened before her cause of action was brought. However, the inception of plaintiff's injury occurred in 1936, approximately 42 years prior to plaintiff's discovery of the injury. Therefore, the 4-year maximum time limit of the Limitations Act barred plaintiff's action even before she learned of her injury (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 311, 402 N.E.2d 560, 567, *appeal dismissed* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54.) As we stated above, this result may seem harsh and unfair, but it is in accord with the *Anderson* decision. The trial court did not err by dismissing plaintiff's complaint.

We are aware of the decision in *Isaacs v. Michael Reese Hospital & Medical Center* (1981), 101 Ill. App. 3d 876, 428 N.E.2d 941, *appeal al-*

*lowed* (1982), 89 Ill. 2d 18, which reached a contrary result. We are not bound by that decision. *Isaacs* is an appellate court decision; *Anderson* is a supreme court decision.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and JIGANTI, JJ., concur.