534

ELAINE PENKAVA, Plaintiff-Appellant, v. FRANCIS KASBOHM, Adm'r of the Estate of Dr. George Rezek, Deceased, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 84—892

Opinion filed February 27, 1985.

Scott D. Hammer, of Fraterrigo, Best & Beranek, of Chicago, for appellant.

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Michael C. Kominiarek, Russell P. Veldenz, and Zane D. Smith, of counsel), for appellee Francis Kasbohm.

Cassiday, Schade & Gloor, of Chicago (Bradford D. Roth and Bernice Jacobs, of counsel), for other appellees.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

On February 10, 1983, plaintiff, Elaine Penkava, instituted the present action for medical malpractice against defendants, Francis Kasbohm, administrator of the estate of Dr. George Rezek, deceased, Northwest Hospital, and Sandra Hon, a registered nurse at Northwest Hospital.

Plaintiff's amended complaint alleged that: (1) on May 22, 1975, Dr. George Rezek, assisted by registered nurses Wanda Klas, Sandra Hon and E. Kim, performed a total hysterectomy on plaintiff at Northwest Hospital; (2) during the course of surgery two foreign objects, one plastic and one metallic, were introduced and allowed to remain in plaintiff's body; (3) following surgery defendants failed to advise plaintiff that said objects were left in her body, and (4) plaintiff discovered the presence of the objects in October 1982, when plaintiff became ill due to the formation of a large abdominal mass around the foreign objects.

Plaintiff's amended complaint was dismissed by the circuit court of Cook County pursuant to section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1). We first consider the propriety of the dismissal of plaintiff's claims against Northwest Hospital and the estate of Dr. Rezek.

Section 21.1 of the Limitations Act provides:

"No action for damages for injury or death against any *physician* or *hospital* duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4

years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 83, par. 22.1)

Plaintiff instituted the present action for medical malpractice on February 10, 1983, more than seven years after the foreign objects were allegedly introduced and allowed to remain in her body.

Section 21.1 was amended in 1976 to provide a four-year limitations period for medical malpractice actions. Plaintiff maintains that section 21.1 should not be applied retroactively to bar her cause of action. Prior to the 1976 amendment, the period of limitations for medical malpractice actions based upon the introduction of foreign objects into a patient's body during the course of any treatment or operation was 10 years. An amendment to a limitation statute shortening the period within which an action must be filed will be applied retroactively to actions not as yet commenced, provided there is a reasonable time after the effective date of the amendment within which to bring the action. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 230, 447 N.E.2d 408; *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 323, 402 N.E.2d 560.) The amendment to section 21.1 shortening the period of limitations to four years became effective on September 19, 1976. We therefore determine whether plaintiff had a reasonable time after September 19, 1976, in which to bring her cause of action.

The foreign objects were allegedly introduced into plaintiff's body during the course of surgery on May 22, 1975. Applying the four-year limitations period to that date, plaintiff had until May 22, 1979, to bring her action.

■ We find that plaintiff had a reasonable time after September 19, 1976, in which to bring her action. (See *Anderson v. Wagner* (1979), 79 Ill. 2d 295 (eight-month period held reasonable); *Burgdorff v. Siqueira* (1982), 109 Ill. App. 3d 493, 440 N.E.2d 920 (9½-month period reasonable); *Baker v. Allen* (1982), 104 Ill. App. 3d 1055, 433 N.E.2d 1032 (eight-month period reasonable).) Accordingly, the amendment to section 21.1 may be applied retroactively to bar plaintiff's cause of action.

■ Plaintiff maintains that retroactive application of section 21.1 to bar her cause of action deprives her of property without due process of law. We reject this argument in light of our supreme court's holding in *Anderson* that retroactive application of section 21.1 is not violative of due process. The court reasoned:

" 'Any statute of limitations will eventually operate to bar a remedy and the time within which a claim should be asserted is a

matter of public policy, the determination of which lies almost exclusively in the legislative domain, and the decision of the General Assembly in that regard will not be interfered with by the courts in the absence of palpable error in the exercise of the legislative judgment.' [Citation.]" (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 311.)

Further:

"[T]he reasonableness of the statute must be judged in light of the circumstances confronting the legislature and the end which it sought to accomplish. We have noted above that various reports, commissions, and authors recommended that the 'long tail' exposure to malpractice claims brought about by the discovery rule be curtailed by placing an outer time limit within which a malpractice action must be commenced. The 4-year limit of our present statute follows the recommendations of the Medical Injury Reparations Commission contained in its report to the Governor and the 79th General Assembly cited above. This recommendation was made following extensive hearings by the Commission. Our 4-year time limit is also within the general area of limits that had been set by other States. Some are shorter than ours, and some are longer. It has not been demonstrated that the legislative action in establishing the 4-year outer limit within which to file a complaint for medical malpractice is unreasonable. We thus find no due process violation." *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 312.

■ Plaintiff next maintains that her action was timely under the discovery rule. The discovery rule provides that a party has two years to file an action measured from the date that the party knows or reasonably should have known both that he suffers an injury and that it was wrongfully caused. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869; *Smith v. Kurtzman* (1982), 106 Ill. App. 3d 712, 714, 436 N.E.2d 1.) In the context of a medical malpractice action, however, that rule is circumscribed by the outside four-year limitations provision of section 21.1. (*Smith v. Kurtzman* (1982), 106 Ill. App. 3d 712, 714.) A late discovery of her injury will not avail plaintiff where her action was filed after expiration of the four-year limitations period.

We conclude that plaintiff's claims against Northwest Hospital and the estate of Dr. Rezek are barred by section 21.1 of the Limitations Act.

■ We next consider the propriety of dismissal of plaintiff's claim against Sandra Hon, a registered nurse at Northwest Hospital. Plaintiff contends that nurses are not included within the scope of section

21.1 and thus expiration of the four-year limitations period of that section does not bar her action against Nurse Hon. We agree. Section 21.1 provides:

> "No action for damages for injury or death against any physician or hospital duly licensed under the laws of this State *** shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known *** of the existence of the injury or death ***."

Nurse Hon is neither a physician nor a hospital; consequently, plaintiff's claim against Nurse Hon is not covered by the limitations period of section 21.1.

Nurse Hon argues that "hospitals are, by their very nature, dependent on nurses and other medical personnel to carry out their policies, procedures and daily affairs in caring for their patients." Nurse Hon concludes that the term "hospital" should be understood to include the nurses who staff it. We disagree. Section 21.1 was amended in 1983 to read:

> "No action for damages for injury or death against any physician, dentist, *registered nurse* or hospital duly licensed under the laws of this State *** shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known *** of the existence of the injury or death ***." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 110, par. 13—212.)

Section 21.1 would not have been amended to include registered nurses were nurses encompassed within the meaning of the term "hospital."

Our reading of section 21.1 is supported by our supreme court in *Anderson*. The court, in its review of statutes of limitations pertaining to medical malpractice actions, observed:

> "The various statutes differ in both length of time within which suit must be filed and the types of medical personnel or entities affected by the statute. A number of statutes apply to all 'health care providers,' comprehensively covering all medical malpractice actions. *** Other statutes attempt to enumerate specific groups of medical personnel or facilities; although not applying to all 'health care providers' or health facilities, they, nonetheless, cover a broad spectrum. *** However, another group of statutes provides protection to a very limited group of medical personnel or facilities and usually excludes nurses and a substantial body of medical personnel and health-care facilities that could be involved in malpractice litigation. The Illinois statute falls into this group. *** Protection is afforded by our statute

only to *physicians and hospitals." Anderson v. Wagner* (1979), 79 Ill. 2d 295, 308-10.

We conclude that plaintiff's claim against Nurse Hon is not barred by the limitations period of section 21.1.

■ Section 21.1 being an exception to the personal injury statute of limitations (Ill. Rev. Stat. 1977, ch. 83, par. 15), we next determine whether plaintiff's claim is barred by that statute. The personal injury statute of limitations provides:

"Actions for damages for an injury to the person *** shall be commenced within two years next after the cause of action accrued." (Ill. Rev. Stat. 1977, ch. 83, par. 15.)

Nurse Hon contends that plaintiff's cause of action accrued on the date of surgery, and therefore plaintiff's claim was barred on May 22, 1977. We disagree. We are of the opinion that the present case is appropriate for application of the discovery rule which allows a party to sue within the statutory period computed from the time the party knows or reasonably should have known both that an injury occurred and that it was wrongfully caused. (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169, 421 N.E.2d 864; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156; and see *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 40, 262 N.E.2d 450.) We note that, in the present case, the passage of time has done little to increase the problems of proof and that such problems are outweighed by the hardships to this plaintiff. *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 70, 250 N.E.2d 656.

The question of when a party knew or reasonably should have known both of an injury and its wrongful cause is one of fact, unless the facts are undisputed and only one conclusion may be drawn from them. (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156.) At this stage of the pleadings we cannot determine whether the parties genuinely dispute the date when plaintiff knew or reasonably should have known of her injury. We therefore remand the matter for proceedings consistent with this opinion.

For the aforementioned reasons, the order of the circuit court of Cook County dismissing plaintiff's complaint is affirmed as to the claims against Northwest Hospital and the estate of Dr. Rezek, and reversed and remanded as to the claims against Nurse Hon.

Affirmed in part; reversed and remanded in part.

McNAMARA and McGILLICUDDY, JJ., concur.