JUDITH A. RICHARDSON *et al.*, Plaintiffs-Appellants, v. KUO-CHUNG SUN *et al.*, Defendants-Appellees.

Second District   No. 86—0045

Opinion filed February 5, 1987.—Rehearing denied April 7, 1987.

John N. Pieper, Aldo E. Botti, and Joseph Michael Williams, all of Botti, Marinaccio, DeSalvo & Pieper, of Oak Brook, for appellants.

J. Timothy Eaton, D. Kendall Griffith, Daniel P. Albers, and H. Anne McKee, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee Franciscan Sisters of the Sacred Heart.

John Norton, James L. DeAno, Patricia L. Argentati, and Thomas R. Weiler, all of O'Reilly, Cunningham, Duncan & Huck, of Wheaton, for appellee Kuo-Chung Sun.

Robert A. Strelecky and Bruce S. Terlep, both of Wildman, Harrold, Allen & Dixon, of Wheaton, for appellee Themistocle G. Limberis.

Francis D. Morrissey, Karen Kies DeGrand, and Richard B. Foster, all of Baker & McKenzie, and John F. Brennan, of Modesto, Reynolds & McDermott, both of Chicago, for appellee Donna J. Justus.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Plaintiffs (Judith A. and Henry Richardson) appeal from a summary judgment entered by the circuit court of Kane County in favor of defendants (Kuo-Chung Sun, M.D.; Themistocle G. Limberis, M.D.; St. Joseph Hospital; Patricia Schmoldt, R.N.; Marianne Bitter, R.N.; and Donna J. Justus, C.R.N.A.). Plaintiffs contend that: (1) summary judgment was improper because there existed a material question of fact, and (2) judgment in favor of defendant Justus was improper because she neither moved for, nor raised, the affirmative defense which provided the basis for summary judgment. We reverse and remand for further proceedings.

The issues raised concern the statute of limitations, so only a brief summary of facts is necessary prior to discussing the issues. More specifics are better left to be summarized during that discussion.

The defendant nurses and doctors were involved in surgery performed on plaintiff Judith A. Richardson. The procedure was a hysterectomy and was performed on April 12, 1978. Plaintiffs filed suit on April 2, 1982. The suit (Henry's was a loss-of-consortium claim) was premised on defendants' having committed medical malpractice during the surgery by using chromic catgut sutures when it was known that Judith Richardson was allergic to chromic catgut. Defendants moved for summary judgment. The dispute on that motion was whether there was a material question of fact over whether plaintiffs' suit was filed outside of the applicable limitations period under the discovery rule. The circuit court granted defendants' motions, and this appeal followed.

■ We consider first a motion to strike a portion of defendant Justus' brief made in plaintiffs' reply brief. Defendant Justus included in her brief a section not required by the Supreme Court Rules governing briefs titled "Prefatory Note". This section contains assertions both as to facts and as to the content of the public policy of this State. It contains, however, no citation whatsoever to any authority or page of the record supportive of the assertions made. It does not comply with Supreme Court Rule 341 which requires citation to authorities and pages of the record in support of arguments and factual assertions made in a brief. (103 Ill. 2d R. 341(e)(6), (e)(7), (f).) We, therefore, grant plaintiffs' motion and strike the "Prefatory Note" to defendant Justus' brief.

Because this is an appeal from a summary judgment, the following principles apply:

"A motion for summary judgment is proper where the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. [Citation.] The extreme nature of the summary judgment remedy requires that the trial court exercise extraordinary diligence in its review of the record so as not to preempt the right to a trial by jury or the right to fully present the factual basis for a claim. [Citation.] The trial court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. Summary judgment should be granted only when the party's right to it is clear and free from doubt. [Citations.] Inferences may only be drawn from undisputed facts, and, if fair-minded persons may draw differing inferences from these undisputed facts, this presents a material issue to be tried. [Citation.] On appeal, the court will reverse an order granting summary judgment if it determines that a material issue of fact exists and that the moving party is not entitled to judgment as a matter of law. [Citation.]" (*Wysocki v. Bedrosian* (1984), 124 Ill. App. 3d 158, 164, 463 N.E.2d 1339, 1344.)

In the case at bar, a material issue of fact exists and reversal is therefore required.

■ The first issue involves the application of the statute of limitations for medical malpractice actions. The alleged malpractice occurred during a hysterectomy performed upon plaintiff Judith A. Richardson on April 12, 1978. Suit was filed on April 2, 1982. Different limitations provisions may apply to the action against the defendant nurses than apply to the action against the defendant doctors and hospital. (See Ill. Rev. Stat. 1977, ch. 83, pars. 15, 22.1; *Penkava v. Kasbohm* (1985), 131 Ill. App. 3d 534, 537-38, 475 N.E.2d 975, 978-79; *cf.* Ill. Rev. Stat. 1985, ch. 110, par. 13−212 (same limitations provisions now applicable to nurses as to doctors and hospitals).) The four-year maximum limit of the malpractice statute of limitation is not implicated in this case (see Ill. Rev. Stat. 1977, ch. 83, par. 22.1) and the parties, apparently for this reason, seem to agree that the possible different applicable statutes would each apply their two-year limits in an identical fashion under the discovery rule. (See Ill. Rev. Stat. 1977, ch. 83, pars. 15, 22.1; see, *e.g.*, *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869; *Penkava v. Kasbohm* (1985), 131 Ill. App. 3d 534, 475 N.E.2d 975.)

We therefore will follow the parties' lead and make no distinction between the various defendants in considering the issue raised.

Under the discovery rule, plaintiffs were required to file suit within two years of:

> "the date on which the claimant knew, or through the use of reasonable diligence should have known, \*\*\* of the existence of the injury \*\*\* for which damages are sought in the action." (Ill. Rev. Stat. 1977, ch. 83, par. 22.1.)

The supreme court has more fully stated the discovery rule as follows:

> "The statute starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know it was wrongfully caused. *At that point* the burden is upon the injured person to inquire further as to the existence of a cause of action." (Emphasis added.) (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869, 874.)

See also *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414-16, 430 N.E.2d 976, 979-80; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, 421 N.E.2d 864, 868; *Conley v. Springfield Clinic* (1985), 130 Ill. App. 3d 369, 370, 474 N.E.2d 421, 422.) The point at which an injured party knew or reasonably should have known both of the injury and that it was wrongfully caused is usually a question of fact. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 416-17, 430 N.E.2d 976, 981; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869, 874; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, 421 N.E.2d 864, 868-69.) In the case at bar, this was a disputed question of fact, so summary judgment was inappropriate.

Plaintiffs' action was premised on the allegation that during the April 12, 1978, hysterectomy, defendant doctors used chromic catgut sutures. This was significant because it was allegedly known that plaintiff Judith Richardson was allergic to chromic catgut and, as a result of the use of those sutures, she allegedly failed to heal properly from the surgery for a lengthy period of time. The material question of fact is, When should plaintiff Judith A. Richardson have reasonably known that chromic catgut had been used, since at that point she should reasonably have known that her failure to heal properly had been wrongfully caused?

Defendants maintain that plaintiffs should reasonably have known that chromic catgut sutures were used in October 1978. At that time, Judith Richardson, who had not been healing properly after the surgery, went to see Dr. LaMarca, who had treated her in

the past for healing problems. He was in Minnesota, and Judith, during the drive there, looked at the medical records which she was taking along for him to review. In a post-operative report, she saw a note that chromic catgut sutures had been used. She told Dr. LaMarca about this, and he told her that it had to be an error because nobody would have been so dumb as to use chromic catgut on her. It is this notation in the post-operative report in the hospital records on which defendants' claim that she should have known that chromic catgut was used rests.

A trier of fact could properly find that Judith Richardson would not have known of the use of chromic catgut by exercising reasonable diligence. Many doctors who treated her for the nonhealing, including the defendant doctors in this case, did not diagnose her problem as an allergic reaction to chromic catgut. At least some of those doctors had access to the same medical records and also knew of her allergy. Dr. LaMarca, when told of the notation, told her that it could not be true—that nobody would be that dumb. Contrary to the trial court's finding that this statement "served to point up the need to inquire in that particular area to confirm or eliminate so extravagant a wrongful act," we think a trier of fact could infer that it, along with other facts, served to make reasonable Judith Richardson's lack of knowledge that her condition had been wrongfully caused. That she was not healing over a period of more than two years could have been due, as the doctors apparently thought, to a congenital autoimmune-type disease which in the past had caused severe healing problems unrelated to her chromic catgut allergy.

The trial court found, and defendants suggest, that plaintiffs had a duty to inquire further as to the cause of Judith's healing problems. A trier of fact could have concluded that such an inquiry would have been futile. The only specific suggestion as to what more the plaintiffs should have done is a claim that Judith Richardson should have asked Drs. Sun and Limberis whether they had used chromic catgut. There is some indication that she did this, but no indication as to the response. Both doctors in their depositions said that Dexon, not chromic catgut, was used, and Dr. Sun explained the chromic catgut note as part of a preprepared post-operative report which he had not properly modified to show the use of Dexon sutures. This, incidentally, points up the plausibility of Dr. LaMarca's conclusion that the chromic catgut reference had to be wrong—since that is precisely what defendant doctors claim in their depositions. More to the point, a trier of fact could properly have inferred from this that either Drs. Sun and Limberis told Judith

Richardson that the operative report was, as Dr. LaMarca had told her, in error, or that asking Drs. Sun and Limberis would not have informed her that chromic catgut had been used because they would have told her that Dexon had been used. In either event, whether Drs. Sun and Limberis were asked or not, it could properly be concluded that reasonable diligence by plaintiffs would not have informed them that chromic catgut had been used.

When all of the facts are viewed together in the light most favorable to plaintiffs, a trier of fact could infer that plaintiffs first knew or reasonably should have known that chromic catgut was used in January 1981, when Dr. LaMarca said he found a piece of it in a granuloma he removed from Judith Richardson. (Dr. LaMarca said this was completely unexpected and, if he had not seen it, he would have thought it impossible that chromic catgut, which is normally absorbed in a period of less than two weeks, would still be intact so long after the surgery.) Since that was less than two years before April 2, 1982, it would further have been proper for a trier of fact to conclude that the suit was filed within the period allowed by the statute of limitations. Summary judgment in favor of defendants should, therefore, not have been granted.

The second issue raised concerns whether it was proper for the trial court to enter summary judgment for defendant Justus when she had not moved for it and had not raised the statute of limitations as an affirmative defense. Since we have reversed the judgment on the basis of the first issue, we need not address this issue raised by plaintiffs.

The judgment of the circuit court of Kane County is accordingly reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS and WOODWARD, JJ., concur.