**Verna HARRIS–LABOY, Appellant,**

v.

**BLESSING HOSPITAL, INC.,
et al., Respondents.**

No. 73111.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 12, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1998.

Application for Transfer Denied
Aug. 25, 1998.

Daniel R. Dunham, Columbia, for appellant.

Stephen P. Niemira, St. Louis, Gena Awerkamp, Quincy, IL, William L. Davis, Robert Solomon Rosenthal, St. Louis, for respondents.

ROBERT E. CRIST, Senior Judge.

Verna Harris–Laboy (Laboy) appeals from two judgments entered which granted motions to dismiss all the defendants in her medical malpractice lawsuit based on various statute of limitations grounds. We affirm in part and reverse and remand in part.

On November 20, 1995, Laboy filed a medical malpractice lawsuit against the following multiple defendants: Blessing Hospital, Inc., Quincy Physicians & Surgeons Clinic, P.C., Laurent V. Radkins, M.D., Frank E. Adrian, M.D., "Ronald Doe" Adrian, M.D., Basanti Mukerji, M.D., the Curators of the Universi-

ty of Missouri and unknown medical professionals from Blessing Hospital. In her petition, Laboy alleged the following: Laboy had surgery at Blessing Hospital in Quincy, Illinois on May 4, 1989. Dr. Laurent Adkins and either Dr. Frank Adrian or Dr. "Ronald Doe" Adrian performed the surgery and during the surgery they negligently left one or more surgical sponges in her body. Over time, the sponge or sponges eventually adhesed to her colon, ovaries, and other internal organs until discovered and surgically removed on December 14, 1993. She was released from Blessing Hospital on May 8, 1989 and had post-operative care with Dr. Radkins and Dr. Adrian at Quincy Physician & Surgeons Clinic in Quincy, Illinois. During this time, she experienced intermittent pain in the lower right pelvic area and she alleged Dr. Radkins and Dr. Adrian failed to properly investigate and discover the cause as the surgical sponge or sponges left in her body.

Laboy moved from her home in Hannibal, Missouri to Columbia, Missouri in September 1989. Due to continuing pain, she sought treatment from Dr. Basanti Mukerji at the Women's Health Clinic of University Hospital and Clinics on April 25, 1991. Dr. Mukerji informed Laboy that everything was normal and failed to determine the cause for her pain. Laboy returned to Dr. Mukerji in July 1991 when Mukerji again failed to determine the cause for Laboy's pain. Laboy sought additional treatment in October 1992 at Boone County Family Health Clinic for her continuing pain and was told she had a minor infection.

On November 4, 1993, Laboy finally went to Dr. Anne Fitzsimmons who ordered x-rays and a CT scan. On November 20, 1993, the CT scan revealed a foreign mass which Fitzsimmons believed was a retained surgical sponge from the 1989 surgery. Laboy had surgery on December 14, 1993 and a surgical sponge was discovered inside Laboy. Laboy alleged that the combined negligence and malpractice of all the defendants resulted in injury and years of pain and suffering.

In response to her lawsuit, Blessing Hospital filed a motion to dismiss. In that motion, the hospital alleged that Laboy's suit was

barred by the applicable statute of limitations from the State of Illinois, 735 ILCS 5/13–212 (West 1996), made applicable to the suit by the Missouri borrowing statute, section 516.190, RSMo 1994. Two other Illinois defendants, Quincy Physicians & Surgeons Clinic and Dr. Frank Adrian also filed motions to dismiss on the same grounds. On March 6, 1996, the trial court issued an interlocutory judgment granting the motions and dismissing Blessing Hospital, Quincy Physicians & Surgeons Clinic, and Dr. Frank Adrian from the lawsuit. The trial court found the Missouri borrowing statute applied the Illinois statute of limitations which barred the suit.

On September 30, 1996, Dr. Radkins also filed a motion to dismiss alleging Laboy's claim against him was barred by the Illinois statute of limitations. On December 13, 1996, the Curators of the University of Missouri filed a motion to dismiss alleging Laboy's claim against them was barred by the Missouri statute of limitations as set forth in section 516.105, RSMo 1994.

On July 10, 1997, the trial court entered a judgment dismissing all the remaining defendants from the suit. The court found that the claims against Dr. Mukarji and the University of Missouri were barred by the Missouri statute of limitations as set forth in section 516.105. It further found the claim against Dr. Radkins was barred by the Illinois statute of limitations, 735 ILCS 5/13–212. All other claims were dismissed for failure to prosecute. Laboy appeals from the two judgments dismissing her lawsuit.

In Point I, Laboy contends the trial court erred in dismissing her claims against the Illinois defendants, Blessing Hospital, Inc., Quincy Physicians & Surgeons Clinic, Dr. Radkins and Dr. Frank Adrian and applying the Illinois statute of limitations pursuant to the Missouri borrowing statute in section 516.190. She alleges her cause of action originated in Missouri because it was only capable of ascertainment after her CT scan revealed the foreign mass on November 20, 1993 in the State of Missouri.

■ A motion to dismiss is the proper motion for attacking a petition on the ground it is barred by the statute of limitations,

especially where the expiration of the limitation appears on the face of the petition. *Carr v. Anding,* 793 S.W.2d 148, 149 (Mo. App. E.D.1990). The determination of whether the statute of limitations applies to bar the action is a question of law. *Murray v. Fleischaker,* 949 S.W.2d 203, 206 (Mo.App. S.D.1997).

The Missouri borrowing statute, section 516.190, provides for application of a foreign statute of limitations when the alleged action originated in the foreign jurisdiction and the foreign statute of limitations would bar the action. Specifically, section 516.190 provides:

> Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

The statute was enacted primarily to prevent forum shopping for a statute of limitations, thereby preventing a plaintiff from gaining more time by simply suing in a different forum than where the cause of action actually accrued. *Green Acres Enterprises, Inc. v. Freeman,* 876 S.W.2d 636, 639 (Mo.App. W.D.1994); *See, Nettles v. American Tel. And Tel. Co.,* 55 F.3d 1358, 1362 (8th Cir. 1995).

■ The term "originated" as used in section 516.190 has been held to have the same meaning as the term "accrued" as used in section 516.100, RSMo. *Thompson by Thompson v. Crawford,* 833 S.W.2d 868, 871 (Mo. banc 1992). Section 516.100, RSMo 1994, defines "accrued" as "when the damage resulting therefrom is sustained and is capable of ascertainment...." Damage is sustained and capable of ascertainment when it *can be* discovered or made known, not when the plaintiff actually discovers the injury or wrongful conduct. *Carr,* 793 S.W.2d at 150. Therefore, Missouri has specifically rejected a discovery rule to determine when a cause of action accrues and instead, has adopted a middle of the road test. *Jepson v. Stubbs,* 555 S.W.2d 307, 312–13 (Mo. banc 1977); *Vandenheuvel v. Sowell,* 886 S.W.2d 100, 102 (Mo.App. W.D.1994). In applying this test, the courts have held that a cause of action

accrues when an injury is complete as a legal injury. *Vandenheuvel*, 886 S.W.2d at 102–103. This occurs when the plaintiff could have first successfully maintained the action. *Polytech, Inc. v. Sedgwick James of Missouri, Inc.*, 937 S.W.2d 309, 312 (Mo.App. E.D.1996); *Murray*, 949 S.W.2d at 206.

Laboy relies on *Renfroe v. Eli Lilly & Co.*, 686 F.2d 642 (8th Cir.1982) to support her contention the cause of action accrued when the sponge was discovered. In *Renfroe*, the plaintiffs sued to recover for damages suffered in utero in Missouri from exposure to a drug manufactured by defendants. The plaintiffs developed cancer many years later after moving to other states. The Eighth Circuit held that their cause of action became capable of ascertainment only when the plaintiffs developed cancer. *Id.* at 647. Therefore, their cause of action originated in the state in which they lived when they developed cancer. *Id.*

Laboy's reliance is misplaced. In that case, the cause of action was for slowly developing injuries caused by a drug wherein the medical community had not made a connection between the disease and the drug. *Id.* Furthermore, the 8th Circuit in *Nettles*, 55 F.3d at 1364, has noted that *Renfroe* represents a unique set of facts where the plaintiff was unaware of the cause of her injury because the causal connection had not yet been made by the medical community. This is not the situation presented in the case at hand.

■ Laboy also asserts that the so-called "expert" rule applies to her case. In a limited number of cases, our courts have suggested that when a plaintiff has hired an expert's services, there is no obligation to check the action or inaction of that expert, unless facts or circumstances suggesting an error are known or available to the plaintiff. However, these cases generally involve plaintiffs who are unaware of any possibility of an injury and do not apply where plaintiffs are aware of at least some of the acts forming the basis of their claim. *M & D Enterprises, Inc. v. Wolff*, 923 S.W.2d 389, 397 (Mo.App. S.D. 1996). Further, the "expert" rule does not make the "capable of ascertainment" test a discovery test requiring the plaintiff to discover the actual malpractice before the statute of limitations begins to run. *Jepson*, 555 S.W.2d at 313.

■ In the case at hand, Laboy's damage was sustained and was capable of ascertainment immediately after the sponge was left inside her abdomen in Illinois on May 4, 1989. On that day, her injury was complete and she could have maintained a successful suit against the Illinois defendants. Laboy's ignorance of or failure to discover her cause of action will not prevent the statute from running. *Ahearn v. Lafayette Pharmacal, Inc.*, 729 S.W.2d 501, 503 (Mo.App. E.D. 1987); *Modern Tractor and Supply Co. v. Leo Journagan Const. Co., Inc.*, 863 S.W.2d 949, 952 (Mo.App. S.D.1993). Laboy's cause of action, therefore, originated in Illinois and the Illinois statute of limitations must be examined to determine if it would bar her claim. *See, Ahearn*, 729 S.W.2d at 503–504; sec. 516.190.

■ The Illinois statute, 735 ILCS 5/13–212, provides that no action shall be brought against any physician or hospital "more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." Under Illinois law, Laboy had only until May 4, 1993 to file her lawsuit. She filed it on November 20, 1995. Therefore, her suit was filed outside the statute of limitations and is barred by Illinois law. *Penkava v. Kasbohm*, 131 Ill.App.3d 534, 86 Ill.Dec. 596, 475 N.E.2d 975, 977–78 (1985), *rev'd on other grounds*, 117 Ill.2d 149, 109 Ill.Dec. 815, 510 N.E.2d 883 (1987). Further, the Illinois courts have upheld this statute of limitations as constitutional even though it could bar a cause of action before a plaintiff even learns of the injury. *Anderson v. Wagner*, 79 Ill.2d 295, 37 Ill.Dec. 558, 402 N.E.2d 560, 568 (1979).

Pursuant to the Missouri borrowing statute, our courts must apply the Illinois statute of limitations because Laboy's cause of action originated in Illinois and Illinois law would bar her suit. Therefore, we find no error in the trial court's decision to dismiss the Illinois defendants, Blessing Hospital, Inc., Quincy Physicians & Surgeons Clinic, Dr.

Radkins and Dr. Frank Adrian from Laboy's suit. We deny her first point on appeal.

■ In Point II, Laboy contends the trial court erred in entering judgment dismissing her claim against Dr. Basanti Mukerji after concluding Laboy's claim would be barred by the Missouri statute of limitations for medical malpractice as set forth in section 516.105.

We agree with Laboy's contention. First, Dr. Mukerji has never been served with process in this matter and has never filed any motion to dismiss or responsive pleading raising the statute of limitations as an affirmative defense. *See, McNulty v. Heitman,* 600 S.W.2d 168, 173 (Mo.App. E.D.1980).

Second, it is possible that the statute of limitations has been tolled by the provisions of section 516.200, RSMo 1994. Laboy's cause of action accrued against Mukerji after she saw her in April and July 1991. In her pleading, Laboy alleged that Mukerji was a Missouri resident who left Missouri in or prior to 1992 and moved out-of-state, possibly to Alabama. Therefore, Laboy had alleged that Mukerji moved out of state within the statute of limitations. Section 516.200 tolls the statute of limitations against a defendant when the defendant leaves Missouri to reside in another state after a cause of action accrued against him or her while a resident of Missouri. *Poling v. Moitra,* 717 S.W.2d 520, 522–23 (Mo. banc 1986); *See also, Genrich v. Williams,* 869 S.W.2d 209 (Mo.App. E.D. 1993). Therefore, we must reverse and remand on this issue alone for further proceedings regarding the claim against Dr. Mukerji only.

The judgment is affirmed in part and reversed and remanded in part.

CRAHAN, C.J., and RICHARD B. TEITELMAN, J., concur.