

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| CHARLOTTE BENTON, | ) | No. ED100309 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | |
| CRACKER BARREL | ) | Honorable Richard K. Zerr |
| OLD COUNTRY STORES, INC., | ) | |
| | ) | |
| Defendant/Respondent. | ) | Filed: April 29, 2014 |

### Introduction

In this personal injury action, Charlotte Benton (Plaintiff) appeals the trial court's judgment granting a motion to dismiss in favor of Cracker Barrel Old Country Stores, Inc., (Defendant). Plaintiff contends that the trial court erred in concluding that her claim was barred by Illinois' two-year statute of limitations, as applied by Missouri's borrowing statute, § 516.190, RSMo.[1] We affirm.

### Factual Background

The facts are not in dispute. On March 12, 2009, Plaintiff and her husband began a road trip from their home in St. Charles County, Missouri, to North Carolina. The couple drove to Mount Vernon, Illinois, where they stopped for breakfast at Defendant's restaurant. As Plaintiff

---

[1] All statutory references are to the Revised Missouri Statutes 2000, as supplemented, unless otherwise indicated.

was walking from her car to the entrance of the restaurant, she fell on the walkway and sustained injuries to her wrist, elbow, knee and patella. Four years later, on March 21, 2013, Plaintiff filed a petition in the Circuit Court of St. Charles County, Missouri, seeking damages for her personal injuries which Plaintiff alleged were caused by Defendant's negligence in failing to keep its walkway safe and free of defects. On April 1, 2013, Plaintiff amended her petition to include a claim of negligent misrepresentation.[2]

In response, Defendant filed a motion to dismiss asserting that Plaintiff's claim was barred by the two-year Illinois statute of limitations,[3] through the application of Missouri's borrowing statute, § 516.190, RSMo. The trial court agreed and granted the motion to dismiss. Plaintiff appeals.

## Standard of Review

Appellate review of a trial court's grant of a motion to dismiss is *de novo*. *Summer Chase Second Addition Subdivision Homeowners Ass'n v. Taylor-Morley*, 146 S.W.3d 411, 415 (Mo. App. E.D. 2004). In reviewing the trial court's dismissal of a petition, we view the facts in the light most favorable to the plaintiff, treating the facts alleged as true, to determine whether the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. *K.G. v. R.T.R.*, 918 S.W.2d 795, 797 (Mo. banc 1996). If it appears from the petition that the cause of action is barred by the statute of limitations, a motion to dismiss on that ground is properly sustained. *Klemme v. Best*, 941 S.W.2d 493, 497 (Mo. banc 1997). The determination of whether a statute of limitations applies to bar a cause of action is a question of law. *Harris-Laboy v. Blessing Hosp., Inc.*, 972 S.W.2d 522, 524 (Mo. App. E.D. 1998).

---

[2] The inclusion of this claim in Plaintiff's amended petition does not change the nature of her personal injury action for purposes of determining the applicable statute of limitations.

[3] Under Illinois law, a personal injury action must be commenced within two years after the cause of action accrued. 735 ILCS 5 §13-202 (2008).

**Discussion**

In her sole point, Plaintiff contends that the trial court erred in dismissing her personal injury action based on Illinois' two-year statute of limitations, as applied by Missouri's "borrowing statute," § 516.190. Specifically, Plaintiff claims that Missouri's five-year statute of limitations[4] applies to her cause of action because it "originated" in Missouri. Plaintiff argues that her claim originated in Missouri because: 1) Defendant advertised and marketed its restaurant in Missouri via "interactive websites;" and 2) Plaintiff's road trip began and ended in Missouri.

### *Section 516.190 – Missouri's Borrowing Statute*

Section 516.190, commonly referred to as the "borrowing statute," provides that:

> Whenever a cause of action has been fully barred by the laws of the state ... in which it *originated*, said bar shall be a complete defense to any action thereon, brought in any courts of this state. (Emphasis added.)

In accordance with the plain language of this provision, Missouri courts have held that when a cause of action "originates" in another state, the foreign state's statute of limitations becomes applicable to a claim that is filed in Missouri. *See, e.g., Ferrell Gas, Inc. v. Edward A. Smith, PC*, 190 S.W.3d 615, 620 (Mo. App. W.D. 2006); *Natalini v. Little*, 185 S.W.3d 239, 243 (Mo. App. S.D. 2006) (citing *Thompson v. Crawford*, 833 S.W.2d 868, 872 (Mo. banc 1992)). Therefore, if the cause of action is time-barred by the foreign state's statute of limitations, then § 516.190 operates to bar the action in Missouri as well. *State ex rel. Old Dominion Freight Line, Inc. v. Daily*, 369 S.W.3d 773, 777 (Mo. App. S.D. 2012).

The dispositive question here is whether Plaintiff's cause of action "originated" in Missouri or Illinois. Neither party disputes that the Missouri Supreme Court has construed the term "*originated*," within the meaning of the borrowing statute, to be the equivalent of the term

---

[4] Section 516.120 (4) sets forth a five-year statute of limitations for filing a personal injury action in Missouri.

"*accrued*," as set forth in § 516.100. *See Thompson*, 833 S.W.2d at 871. Section 516.100 provides that a cause of action accrues "when the damage resulting therefrom is sustained and is capable of ascertainment." *Natalini*, 185 S.W.3d at 243. Thus, for purposes of the borrowing statute, "a cause of action accrues … and *originates* where damages are sustained and are capable of ascertainment." *Id.* (citing *Day v. DeVries & Assocs., P.C.*, 98 S.W.3d 92, 95-96 (Mo. App. W.D. 2003)). The phrase "capable of ascertainment" means capable of being ascertained by a reasonable person using reasonable diligence. *Cook v. DeSoto Fuels, Inc.*, 169 S.W.3d 94, 103 (Mo. App. E.D. 2005). Damages are ascertainable when they can be discovered or made known, regardless of whether the extent of the damages are then known. *Klemme*, 941 S.W.2d at 497.

### *Cause of Action Originated Where Injuries Were Sustained*

The undisputed facts in this case establish that on March 12, 2009, Plaintiff suffered injuries when she fell on a walkway outside of Defendant's restaurant in Illinois. Because Plaintiff's injuries were sustained and capable of ascertainment in Illinois, we conclude that her cause of action originated in Illinois. Thus, Missouri's borrowing statute mandates the application of Illinois' two-year statute of limitations, which began to run in March 2009, when Plaintiff sustained her injuries. *See Natalini*, 185 S.W.3d at 246. Plaintiff did not file her personal injury suit until March 2013, which was two years *after* the expiration of Illinois' two-year limitation period. Therefore, her claim was barred and the trial court correctly granted Defendant's motion to dismiss.

Nonetheless, Plaintiff asserts that her claim originated in Missouri because Defendant advertised and marketed its restaurant in Missouri via "interactive websites" and mailings and because her road trip began and ended in Missouri. Plaintiff claims that Defendant targeted,

4

solicited, and encouraged Missouri residents, including Plaintiff, to patronize its restaurant by offering a "virtual tour," as well as travel tips and directions. Because Plaintiff was allegedly encouraged to patronize Defendant's restaurant based on its online advertising in Missouri, Plaintiff urges this Court to find that her claim "originated" in Missouri. Plaintiff argues that, contrary to *Thompson*, the terms "originate" and "accrued" are *not* synonymous, and therefore, should not be construed as "equivalent." Plaintiff cites no case authority to support this assertion. Instead, Plaintiff cites to various definitions found in Webster's Third New International Dictionary, Merriam-Webster's dictionary, and non-relevant statutes. In essence, Plaintiff suggests that we deviate from the well-established interpretation of the borrowing statute as declared by our Supreme Court in *Thompson* to find that her claim originated in Missouri. We are not persuaded.

The language of the borrowing statute is plain and unambiguous. To construe the borrowing statute as Plaintiff suggests would be wholly inconsistent with *Thompson* and would effectively allow Plaintiff to circumvent the § 516.190 time limitation mandates. Simply put, allowing Plaintiff to pursue this action in Missouri after it was time-barred by the Illinois' limitation period would ignore the plain language of the borrowing statute and contravene its primary purpose to prevent forum shopping. *See Harris-Laboy*, 972 S.W.2d at 524. The fact that Defendant advertised and marketed its restaurant in Missouri via online websites bears no relevance to determining where Plaintiff's cause of action originated for purposes of § 516.190. Similarly, that Plaintiff's road trip began and ended in Missouri is immaterial to the issue here and Missouri courts have rejected similar arguments. *See, e.g., Dorris v. McCanahan*, 725 S.W.2d 870, 871 (Mo. banc 1987) (*overruled on other grounds*); *Trzecki v. Gruenewald*, 532

5

S.W.2d 209, 211-12 (Mo. banc 1976); *Richardson v. Watkins Bros. Mem. Chapels*, 527 S.W.2d 19, 20 (Mo. App. W.D. 1975).

Because Plaintiff failed to file her action within Illinois' two-year limitation period, her claim is barred under § 516.190.  Thus, the trial court did not err in granting Defendant's motion to dismiss.

## Conclusion

For the foregoing reasons, we affirm the trial court's judgment dismissing Plaintiff's action.

_____
Philip M. Hess, Judge

Lisa Van Amburg, P.J. and
Patricia L. Cohen., J. concur.